**William A. and Helen M. LULL,**
**Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**William H. and Dorothy SIMPSON,**
**Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**Nos. 24734, 24735.**

United States Court of Appeals,
Ninth Circuit.

Nov. 12, 1970.

Joseph H. Tretheway (argued), Meade Emory, of Trethewey, Brink & Wilson, Seattle, Wash., for appellants.

Stephen Hutzelman (argued), Atty. Tax Div., Johnnie M. Walters, Asst. Atty. Gen. Tax. Div., Dept. of Justice, K. Martin Worthy, Chief Counsel, Internal Revenue Service, Washington, D. C., for appellee.

Before HAMLEY and WRIGHT, Circuit Judges, and GOODWIN, District Judge.*

HAMLEY, Circuit Judge:

William A. Lull, William H. Simpson, and their respective wives, appeal from a decision of the Tax Court assessing liability for income taxes on certain pay-ments made to them by their employer incident to their transfer to other posts of duty.

Appellants' tax returns for the years 1959 through 1961 are involved in this appeal and the law governing our resolution is thus prior to some extensive Congressional revision of the tax laws governing reimbursements for moving expenses. *See* Int.Rev.Code §§ 62, 217.

The Tax Court opinion is reported in 51 T.C. 841 (1969).

Lull and Simpson are employed by International Business Machines (IBM). Pursuant to its "Moving and Living Policy," it is the practice of this company to reimburse employees for most expenses incurred when the company transfers employees to new posts of duty. Under another of its policies, known as the "Home Guarantee Policy," IBM pays the employee the difference when the net selling price of the employee's old residence is less than the appraised value of that residence. Each of these policies gives rise to a question for determination on this appeal.

These policies have already been reviewed by the Court of Claims whose determination on the question of inclusion in gross income is consistent with the result reached here. Ritter v. United States, 393 F.2d 823, 183 Ct.Cl. 875 (1968), cert. denied 393 U.S. 844, 89 S. Ct. 127, 21 L.Ed.2d 115 (1968).

With regard to the payments made pursuant to the "Home Guarantee Policy," we are in full accord with the unanimous decision of the Tax Court, for the reasons stated in the reported decision. The payments to the taxpayers under the "Home Guarantee Policy" are taxable as compensation and are not an element of the amount realized from the sale of the home.

Turning to the other branch of the case, a brief description of the company's policy with respect to moving and living expenses of the transferred employees will be helpful.

* The Honorable Alfred T. Goodwin, United States District Judge for the District of Oregon, sitting by designation.

When an IBM employee is transferred at the company's request, IBM reimburses the employee for travel, living and moving expenses incurred. These include expenses for items such as motels and meals, auto rental, and child care costs incurred after arrival while looking for a new home at the new post of duty. Certain charges for installation of appliances in the new home, and alterations to carpets and draperies are reimbursed. Pre-move expenses such as appliance disconnection and the cost of cleaning the old residence are also paid by IBM.

The Commissioner has allowed these taxpayers to exclude reimbursement for "direct" moving expenses, which, generally, are those expenses incurred in moving the persons and property from the old post to the new, and has disallowed exclusion of the payments for "indirect" expenses, which, generally, include all other expenses incurred while not in transit.

Some reimbursements made by employers might properly be viewed as reimbursement for expenses of the employer and, as such, do not constitute income to the employee. *See* Rev.Rul. 54–429, 1954–2 Cum.Bull. 53; Rev.Rul. 65–158, 1965–1 Cum.Bull. 34. However, we do not believe payments for "indirect" expenses, as described above, can be viewed as reimbursement for expenses which should be attributed to the employer. The reimbursement is for expenses incidental to the taxpayer's efforts to provide housing for himself and his family. The expenses are for the kind of items that, for tax purposes, taxpayers usually must provide for themselves from their salary.

We think these "indirect" expenses, both pre- and post-move, are attributable to the employee, and that reimbursement is simply added compensation paid by the employer. Having been reimbursed for their own expenses, taxpayers have experienced economic gain.

The employees here have been paid certain sums of money, and we find no statutory provision allowing non-recognition for tax purposes, nor do we find any compelling policy in the Code that requires an exclusion from gross income. Therefore, the payments are to be included. United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40 (1940).

Taxpayers here do not argue that they are entitled to a deduction for these "indirect" expenses under section 162 of the Code. Nor are they entitled to such a deduction. *See* Commissioner of Internal Revenue v. Mendel, 351 F.2d 580 (4th Cir. 1965); England v. United States, 345 F.2d 414, 417 (7th Cir. 1965); United States v. Woodall, 255 F.2d 370, 373 (10th Cir. 1958). Finding no statutory provision for these items, taxpayers are not entitled to a deduction. *See* New Colonial Ice Co., Inc. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348 (1934).

Affirmed.