FRANK and OLGA VESEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Vesey v. Commissioner
Docket No. 7642-72
United States Tax Court
T.C. Memo 1974-163; 1974 Tax Ct. Memo LEXIS 155; 33 T.C.M. (CCH) 697; T.C.M. (RIA) 74163; June 24, 1974, Filed. Frank Vesey, pro se. Harry D. Hoskins, III, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1969 in the amount of $2,094.03. Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for our decision the following: 1. Whether petitioner is entitled, in computing his deduction for payment to a retirement plan as a self-employed individual, to include as earned income from such self-employment amounts which he received as salary from the Veterans Administration. 2. Whether petitioner is entitled to include, in his deduction for moving expenses in the year 1969, the amount of $1,005.37 expended for temporary living expenses at his new job location in New York City while he was waiting to move into permanent quarters and the amount of $169.74 which he expended on a pre-move trip to New York City. 3. What is the amount that petitioner is entitled to deduct as a business expense because of the use by him of his personally owned automobile in connection with his work *158 as a physician. 4. What amount is petitioner entitled to deduct as a business expense for use of the telephone in his home. 5. Whether petitioner is entitled to deduct as a business expense any portion of the $105 which he spend to obtain a home owners insurance policy and the $110 which he paid as taxes and filing fee for a corporation of which he was the sole stockholder. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. At the time of the filing of their petition in this case, petitioners, husband and wife, resided in New York, New York. They filed their joint Federal income tax return for the calendar year 1969 with the Internal Revenue Service Center, Andover, Massachusetts. Petitioner is a physician. During the period from January 1 through July 31, 1969, he was employed by the Veterans Administration in Johnson City, Tennessee as an ophthamologist. Later in the year 1969 he worked for the Brooklyn Medical Group and the Bay Ridge Medical Group and also engaged in the private practice of medicine. Petitioner became employed as Chief Ophthalmologist for the Veterans Administration in Johnson City, Tennessee on May 9, 1967. *159 Petitioner had previously been employed by the Veterans Administration as a physician for the period from January 19, 1954 through March 31, 1959, and had also served on active duty in the United States Army for 22 months. Petitioner was born on June 22, 1902. At the time he became employed as Chief Ophthalmologist by the Veterans Administration on May 9, 1967, he was receiving a Civil Service annuity, based on his prior employment by the Federal Government and was therefore employed under the designation of a re-employed annuitant. No Civil Service retirement was withheld from the salary he received from the Veterans Administration and no social security taxes were withheld from this salary. For his work at the Veterans Administration petitioner was paid a fixed salary. He had fixed hours of employment but was subject to call at other hours. He was prohibited from engaging in the private practice of medicine or from receiving any remuneration from private patients. In mid-1969 petitioner was approached by two medical groups, one in Brooklyn, New York and the other in New York City, New York, with respect to undertaking to treat patients of those medical groups who had ophthalmological *160 problems with a guaranteed monthly amount of $1,000 from each group. Petitioner also agreed to do surgery when necessary without extra payment except in workmen's compensation cases and in cases of medicare patients. Petitioner under his agreement with the two medical groups was permitted to and did engage in the private practice of medicine. During 1969 petitioner received $2,074 from the Brooklyn Medical Group, $1,692 from the Bay Ridge Medical Group, and $194.50 as fees from private patients. No tax was withheld from any of these payments. Petitioner also received $2,333 from the 644 West 204th Street Corporation from which payment no tax was withheld. After receiving the offer from the two medical groups in New York, petitioner in 1969 spent $169.74 on a pre-move trip to New York City. Later in 1969, petitioner moved from his home in Johnson City, Tennessee to New York City. He incurred moving expenses for moving his household goods and personal effects from Johnson City, Tennessee to New York City of $1,030.05. After moving to his new job location in New York City, petitioner spent $1,005.37 in temporary living expenses while waiting to move into permanent quarters in *161 New York City. In his work both in Johnson City and in New York City, petitioner used his personally owned automobile to visit patients. In Johnson City petitioner lived about a mile and a half from his office in the Veterans Administration hospital. Petitioner regularly drove first to his office each morning when he came to work. It would then be necessary for him to drive to the various buildings on the grounds of the hospital center to visit patients. The grounds of the Veterans Administration facility in Johnson City were quite large and petitioner regularly drove from place to place in his work with the patients at the hospital. Generally, petitioner would come back to his office after visiting patients before driving to his home. After petitioner moved to New York City, his routine was not as set. Sometimes he would drive directly to one of the hospitals in New York City, and sometimes he would drive to other hospitals. Generally, it was necessary for him to drive from one hospital to another daily in New York. Petitioner's wife did not drive an automobile. Petitioner occasionally used his automobile for personal purposes in addition to commuting from his home *162 to his office. Approximately 12 percent of the total usage by petitioner of his automobile was for personal purposes and 88 percent was for business use. In 1969 petitioner expended $572.10 for repairs on his automobile, $483.80 for automobile insurance $59.75 for registration and license, and $225 for garage.He also expended $520 for gasoline, car washes, and tips to garage attendants, making total expenditures on his automobile in the year 1969 for both personal and business use of $1,860.65. During the year 1969 petitioner maintained a telephone in his home in Johnson City and also maintained a telephone in his home in New York City. The total charges on the telephone for service, having an extension phone, calls in excess of the limit permitted with the service charged, and some professional long distance calls was $180.59. Most of the local calls placed from petitioner's telephones were in connection with his business but the telephone was used personally by petitioner occasionally and was used for personal local calls occasionally by petitioner's wife. During 1969 petitioner had a home owners insurance policy which insured his household furnishings and personal effects *163 and professional instruments which petitioner kept in his home. Petitioner paid a premium for this insurance in 1969 of $105. In 1969 petitioner was the sole shareholder of 644 West 204th Street Corporation until its dissolution in the latter part of that year. Petitioner in 1969 paid a $100 franchise tax to the State of New York on behalf of this corporation and paid a $10 fee to the State of New York for dissolution of this corporation. On his Federal income tax return for the calendar year 1969 petitioner claimed a deduction of $2,386.43 for a self-employment retirement deduction. This deduction was computed on the basis of including in his self-employment income the amount of $13,521.88 which petitioner received as salary from the Veterans Administration as well as certain miscellaneous income such as dividends and interest. Respondent in his notice of deficiency disallowed $1,757.12 of petitioner's claimed deductions for payment to the self-employment retirement plan with the following explanation: It is determined that your self-employment income for tax year ended December 31, 1969 was $6.293.05 and that your self-employment tax is $434.25. Therefore, your self-employed *164 retirement deduction is limited to 10 percent of $6,293.05, or $629.31. Since you claimed a deduction of $2,386.43 on your 1969 return, the difference of $1,757.12 is added to income. The $6,293.05 which respondent determined to be petitioner's self-employment income was composed of payments received by petitioner from Brooklyn Medical Group, Bay Ridge Medical Group, 644 West 204th Street Corporation, and fees from private patients. Petitioner does not contest the elimination from his self-employment income of miscellaneous items of income and interest but contends that the $13,521.88 is properly includable in his self-employment income. Petitioner on his Federal income tax return for the calendar year 1969 claimed a deduction for moving expenses of $2,205.16 composed of $1,030.05 of moving expenses, $169.74 of pre-moving expenses, and $1,005.37 for temporary living expenses at the place of his new work while waiting to move into permanent quarters. Respondent disallowed in full this claimed deduction but has now conceded that petitioner is entitled to deduct the $1,030.05 of expenses of moving his household goods and personal effects from Johnson City to New York City. *165 Petitioner on his 1969 income tax return deducted $1,860.65 as automobile expenses. Respondent disallowed $886.05 of this claimed deduction. Petitioner on his income tax return deducted $180.59 as telephone expense and respondent disallowed $60.59 of this claimed deduction. Petitioner on his income tax return claimed as a deduction for taxes the $110 which he paid as taxes and filing fee on the dissolution of 644 204th West Street Corporation. Respondent disallowed in full the claimed deduction of $110. Petitioner on his income tax return claimed $105 as a deduction for the amount paid as a premium for home owners insurance and respondent disallowed in full this claimed deduction. OPINION Section 404(a), I.R.C. 1954, [1] allows as a deduction under that section only contributions paid by an employer to or under a stock bonus, pension, profit sharing, or annuity plan which satisfies the conditions set forth in the section. Section 404(a) (2) provides for the deduction of contributions paid toward the purchase of retirement annuities which are part of a plan which meets certain requirements of section 401(a). Section 401(c) sets forth the rules relating to self-employment *166 individuals for the purposes of section 401. Section 401(c) (1) provides that the term "employee" includes for any taxable year "an individual who has earned income (as defined in paragraph (2)) for the taxable year." Section 401(c) (2) defines the term "earned income" to mean "the net earnings from self-employment (as defined in section 1402(a))." Section 1402(a) defines the term "net earnings from self-employment" to mean "the gross income derived by an individual from any trade or business carried on by such individual less the deductions allowed by this subtitle." Section 1402(c) provides that the term "trade or business" when used "with reference to self-employment income or net earngins from self-employment" shall not include "the performance of services by an individual as an employee." Section 404(a) (8) provides that the term "employee" includes an individual who is an employee within the meaning of section 401(c) (1) and that the term "earned income" has the meaning assigned to it by section 401(c) (2). Therefore, petitioner is entitled to deduct contributions to his self-employment retirement plan based on his earnings from his trade or business of being a physician, excluding *167 any earnings which he receives as a salary for the performance of services as an employee. in Wendell E. James, 25 T.C. 1296 (1956), we held that a doctor who was a specialist in pathology occupying a position in a hospital and laboratory primarily on a salary basis was an employee of the hospital. That case dealt with whether certain deductions for trade and business expenses were allowable to the taxpayer in computing his adjusted gross income or whether they were allowable only as deductions from adjusted gross income since the statute there involved provided that business expense deductions, with certain exceptions not there relevant, were not allowable in computing adjusted gross income if the trade or business of the taxpayer was the performance of services as an employee. In the James case we pointed out that whether an individual was an employee was a factual question. On the facts there present, we held that the taxpayer was an employee, pointing out that since the methods by which professional men work are prescribed by the techniques and standards of their profession, the control of an *168 employer over the manner in which the professional employee shall conduct his duties is necessarily more tenuous and general than the control over nonprofessional employees. We held, however, that even in the absence of direct control over the manner in which a professional man conducts his professional activities, many professional men are employees. On the facts of the present case, we conclude that petitioner's work for the Veterans Administration was as an employee of the Veterans Administration. Petitioner was required to and did keep regular hours. He had to agree not to accept any fees from any private patients and he was on call for the salary paid to him at specified times. Petitioner's main argument is that since neither Federal retirement deductions nor Social Security taxes were withheld from his salary, he should not be considered as an employee. However, the record is clear that the reason neither of these items was withheld from his salary is because he was a re-employed annuitant. The very fact that he was so classified and that he received retirement benetifs as an employee from his previous Federal Government employment indicates that the relationship between *169 a physician and his employment by the Veterans Administration is that of an employer-employee. We therefore sustain respondent in his disallowance of the deduction of $1,757.12 of the amount claimed by petitioner as a payment for self-employed retirement. Section 217, as applicable to the year 1969, provides for the deduction of moving expenses paid or incurred during the taxable year in connection with the commencement of work as an employee at a new principal place of work. Section 217(b) of the Act, effective for the year 1969, defines moving expenses to mean only the reasonable expenses "of moving household goods and personal effects from the former residence to the new residence" and "of traveling * * * from the former residence to the new place of residence." Respondent has conceded that petitioner is entitled to deduct the amount he expended for moving his household goods and personal effects from Johnson City, Tennessee to New York, New York. Unless the amount which was stipulated to be the amount petitioner spent for moving expenses includes traveling expenses of petitioner from Johnson City to New York, petitioner has claimed no such expenses. Petitioner's contention *170 is that since he would have been entitled to expenses for a pre-move visit to New York and for relocation expenses prior to obtaining a residence in New York under section 217 as it applied to years beginning after December 31, 1969, equity demands that we allow these to him when they were paid only a few months prior to the beginning of the year 1970. We have held in a number of cases that under the provisions of section 217 which were in effect for years prior to 1970 expenses for meals and lodging immediately following the arrival of a taxpayer at his new post of duty are not deductible as moving expenses. Norvel Jess McLellan, 51 T.C. 462, 465 (1968); and William A. Lull, 51 T.C. 841, aff'd 434 F.2d 615 (C.A. 9, 1970). We therefore sustain respondent's disallowance of petitioner's claimed deduction for moving expenses except for the $1,030.05 which respondent has conceded to be deductible. The issue with respect to petitioner's automobile expenses is purely factual. Based on the record, we have determined the amount of such expenses and that 88 percent of this amount is properly deductible by petitioner. We therefore hold that petitioner *171 is entitled to deduct $1,637.39 as business expenses for use of his automobile in 1969 instead of the $974.60 allowed by respondent. The record shows that petitioner spent $180.59 for telephone expense for a telephone in his home which was used both for business and personal reasons in the year 1969. On the basis of the evidence in this record we sustain respondent's disallowance of $60.59 of this claimed telephone expense. Although not absolutely clear, the evidence does show that petitioner had the telephone in his home for personal as well as business reasons and that some of its usage was for personal reasons. There is no basis in the record for any different allocation from the allocation made by respondent. The evidence shows that the $105 paid by petitioner for home owners insurance was primarily with respect to his personal effects in his home. Although petitioner kept some medical instruments and other items connected with his business in his home, it has not been shown to what extent if any his insurance would have been different if these items had not been covered in the policy or any basis for making any allocation of the $105. We therefore sustain respondent's *172 disallowance of this claimed deduction. The $110 claimed by petitioner for taxes which was disallowed by respondent consisted of $100 of taxes which petitioner paid for his wholly owned corporation and a $10 filing fee paid to the State of New York upon dissolution of this corporation. The record is clear that the tax was imposed on the corporation and if paid by the corporation would have been a proper deduction by the corporation. However, the tax was not imposed on petitioner and his choice to pay the tax on behalf of the corporation amounted to nothing more than a contribution by petitioner to the corporation. Petitioner has shown no basis for claiming personally a deduction for the $10 filing fee he paid on behalf of the corporation. This also was an expense of the corporation and payment of this expense by petitioner was a contribution by him to the corporation. We sustain respondent's disallowance of petitioner's claimed deduction for payment of taxes for the 644 West 204th Street Corporation. Decision will be entered under Rule 155. Footnotes
1. All references are to the Internal Revenue Code of 1954. ↩