DAVID ANTHONY TRUJILLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trujillo
Docket No. 710-91
United States Tax Court
T.C. Memo 1992-481; 1992 Tax Ct. Memo LEXIS 500; 64 T.C.M. (CCH) 586; August 24, 1992, Filed *500 Decision will be entered under Rule 155. For Petitioner: David A. Trujillo, pro se. For Respondent: Monica J. Miller. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to section 7443A. [1]
By statutory notice of deficiency dated October 23, 1990, respondent determined a deficiency in petitioner's Federal income tax for the 1987 and 1988 taxable years in the amounts of $2,219 and $840, respectively. Respondent also determined additions to tax for negligence, in the following amounts: Additions to Tax
Year
Sec. 6653(a)(1)
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1987
--
$110.95
50% of the
interest due on
$2,219
1988
$42
--
--
After concessions, [2] the issues are whether: (1) Respondent properly disallowed adjustments to income claimed by petitioner for child support payments; (2) respondent *501 properly disallowed a dependency exemption claimed by petitioner in 1987 for his son; (3) respondent properly determined that petitioner's filing status was single, rather than unmarried head of household, during the years in issue; (4) petitioner is entitled to a child care credit in 1987; (5) respondent properly disallowed deductions claimed by petitioner on Schedule A and Schedule C; and (6) the additions to tax were properly imposed. Petitioner resided in Corpus Christi, Texas, at the time he filed his petition. The facts are summarized as follows: By a Decree of Divorce entered on August 10, 1987, by the District Court for the 225th Judicial District, Bexar County, Texas, petitioner was divorced from his wife. Petitioner's former wife, Marie-Claire Trujillo, was granted custody of the couple's son, Marcus Anthony Trujillo. The terms of the Decree of Divorce require that petitioner pay child support in the amount of $200 per month, commencing February 1, 1988. On September 1, 1988, the payments were to increase to $250 per month. *502 Petitioner's former wife and son moved from San Antonio, Texas to Boston, Massachusetts, in June of 1987, about 2 months prior to the divorce. Marcus lived in Boston, Massachusetts, with his mother for the remainder of 1987 and all of the 1988 taxable year. Petitioner remained in Texas. On his 1987 and 1988 tax returns, petitioner claimed the filing status of head of household and used the tax rate schedule prescribed in section 1(b). On Schedule A of his 1987 tax return, petitioner claimed miscellaneous expense deductions in the amount of $2,094.45 for the cost of relocating his former wife and $330 for the cost of a gift to his son. For the 1987 taxable year, petitioner also claimed a $1,900 dependency exemption and a $130 child care credit for his son. On Schedule A of his 1988 tax return, petitioner claimed a charitable contribution deduction in the amount of $3,200, a moving expense deduction in the amount of $3,860, an interest expense deduction in the amount of $6,038, and a gift expense deduction in the amount of $842. With respect to the 1987 taxable year, respondent disallowed the dependency exemption and child care credit claimed by petitioner for his son. For *503 the 1988 taxable year, respondent disallowed $774 of the claimed $6,038.20 interest expense deduction, $2,314 of the claimed $3,860 moving expense deduction, and $1,918 of the claimed $3,200 charitable contribution deduction. For each year in issue, respondent reclassified petitioner's filing status from head of household to single, and disallowed all of the claimed miscellaneous expense deductions. After the notice of deficiency was mailed, petitioner filed a Form 1040X for each year in issue on which he claimed additional deductions. Respondent did not process the amended returns. On the Form 1040X filed for the 1987 taxable year, petitioner claimed an $800 "adjustment to income" for child support paid to his former wife. On the Form 1040X filed for the 1988 taxable year, petitioner claimed an increased Schedule C business loss. The increased Schedule C business loss represents items of expense that were originally claimed as miscellaneous expense deductions on Schedule A. Petitioner also claimed a $2,150 adjustment to income for child support paid to his former wife, and adjustments to the claimed Schedule A deductions for "legal fees for an annulement [sic]." 1. Deductions *504 for Child Support
Alimony payments are deductible by the payor spouse under section 215 if they are taxable to the payee spouse under section 71(a). Section 71(b), however, provides that amounts paid for child support are not included in the income of the spouse, and, accordingly, payments for child support are not deducted by the payor spouse. Petitioner may not deduct these payments from gross income. 2. Dependency Exemption
For a child to qualify as a dependent of a taxpayer, the taxpayer generally must furnish over one-half of the support of the child. Sec. 152(a). Alternatively, if the parents are divorced, the child is considered to be the dependent of the custodial parent unless the custodial parent states in writing that he or she will not claim the child as a dependent. Sec. 152(e)(2). In that case, the noncustodial parent may claim the child as a dependent. In June 1987 petitioner's son moved to Boston, Massachusetts, with his mother. In August 1987 she was awarded custody of the child. At no time during 1988 did petitioner have custody of his son. Petitioner has not established, nor has he ever contended, that his former wife signed a release to her *505 claim to the dependency exemption. Accordingly, we sustain respondent's determination on this issue. 3. Filing Status
To qualify as a head of household, a taxpayer must not be married at the close of the taxable year and must maintain "as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household", of a child. Sec. 2(b). The phrase "more than one-half" means just that. Petitioner concedes that his son moved to Boston, Massachusetts, in June 1987 and lived with his former spouse thereafter. Petitioner did not maintain a household for his son for more than one-half of 1987 or 1988. Respondent's determination on this issue for each year is sustained. 4. Child Care Credit
Subject to strict limitations, section 21 allows a credit for amounts paid for child care services. Section 21 allows a tax credit for the cost of care for qualifying individuals, defined in part by reference to section 151(c). Sec. 21(b). Section 151(c) allows a dependency exemption for individuals related to the taxpayer, as specified by section 152. As already discussed, petitioner's son was not a dependent *506 of his during 1987. Petitioner is not entitled to a child care credit. 5. Disallowed Schedule A and Schedule C Items
At the outset, we note that the allowance of deductions from gross income is a matter of legislative grace. It does not turn on equitable considerations. A taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Furthermore, respondent's determinations are presumptively correct, and petitioner bears the burden of proving otherwise by a preponderance of the evidence. Welch v. Helvering, 290 U.S. 111, 115 (1933). On the Schedule A filed with the 1987 return, petitioner claimed a miscellaneous expense deduction for the cost of relocating his former wife and for the cost of a gift to his son. Section 217(a) allows a deduction for certain moving expenses incurred "in connection with the commencement of work by the taxpayer". But the expenses incurred here were not incurred in connection with petitioner's work; rather, they were incurred to relocate his former spouse. With regard to the gift to his son, gifts to children are *507 not deductible. Sec. 262. In sum, with respect to the 1987 Schedule A items, there is simply no colorable basis in law for allowing the deductions. Respondent's determinations on these matters are sustained. Next we consider whether petitioner is entitled to deductions in excess of the amounts allowed by respondent for the 1988 taxable year. On the Schedule A filed with the 1988 return, petitioner claimed deductions for charitable contributions, interest expenses, and moving expenses. On the Form 1040X he indicated that the claimed charitable deduction should be properly classified a business expense. The genesis of this is that during 1988, petitioner started a freelance photography business. Petitioner gave promotional photographs to various individuals. There were two sizes of photographs, either 20 x 30 inches or 8 x 10 inches. Petitioner valued the cost of each photograph by the amount of time it took to develop a print. Petitioner testified that, although he paid others to develop the larger prints he gave away, he had no recollection at trial of what he paid and to whom. Petitioner initially claimed a gift expense deduction on Schedule A for the photographs. On *508 the Form 1040X filed subsequent to issuance of the notice of deficiency, petitioner recharacterized the gift expense deduction as a business advertising expense deduction. Other than informing the Court that he kept his records in at least one shoe box, petitioner offered scant evidence on this issue. In any event, it appears that the costs of developing and printing the photographs would have already been deducted as expenses on Schedule C that were allowed by respondent. On the Form 1040X filed for 1988, petitioner claimed an additional $250 deduction for amounts paid to a church as legal fees for his annulment. With respect to the alleged legal fees for an annulment, petitioner has wholly failed to show us that the expenses were indeed paid or how the expenses relate to the conservation of any property held by petitioner for the production of income. See Lucas v. Commissioner, 79 T.C. 1, 6 (1982). Finally, with regard to the disallowed interest deduction, petitioner has not established that he is entitled to any amount greater than that allowed by respondent. 6. Additions to Tax
Respondent determined that petitioner was liable for additions to tax for negligence *509 under section 6653(a). For each year in issue, section 6653(a) provides that, if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations, additions to tax shall be imposed. A taxpayer bears the burden of proving that no part of the underpayment was due to negligence. "Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964). On this record, petitioner has wholly failed to carry his burden. Petitioner has not shown that the underpayments resulting from the deductions claimed on the original returns were not due to negligence, and, as we have indicated above, there are no bases, either in law or fact, for petitioner's claims. Based on the foregoing, we sustain respondent's determinations for both years. Because of respondent's concession, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent concedes that petitioner is entitled to a $500 charitable contribution deduction for 1987.↩