T.C. Summary Opinion 2010-86

UNITED STATES TAX COURT

TIMOTHY L. AND TIFFANY T. WILLIAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28603-08S.                    Filed June 29, 2010.

Timothy L. Williams, pro se.

<u>Angela J. Kennedy</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

For 2005 and 2006 respondent determined deficiencies, an addition to tax for failure to timely file, and an accuracy-related penalty as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|-------------------------------|--------------------------------------|
| 2005 | $7,092 | $1,014.75 | $1,370 |
| 2006 | 1,545 | -- | -- |

After concessions[2] the issues to be decided are: (1) Whether petitioners received and failed to report $1,005 of wages, salaries, and tips during 2005; (2) whether petitioners received and failed to report $2,010 of unemployment compensation during 2005 and 2006; (3) whether petitioners are entitled to deduct $6,542 and $1,000 as charitable contributions for 2005 and 2006, respectively; (4) whether petitioners are entitled to deduct $65,005 and $14,498 of unreimbursed employee business expenses for 2005 and 2006, respectively; (5) whether petitioners are entitled to a child tax credit for 2005; (6) whether, under section 6651(a)(1), petitioners are liable for an addition to tax for failure to timely file their 2005 Federal income tax return;

---

[2]Petitioners have conceded the deductions claimed for medical and dental expenses on their 2005 and 2006 Federal income tax returns.

and (7) whether, under section 6662(a), petitioners are liable for an accuracy-related penalty for 2005.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference.

At the time the petition was filed, petitioners resided in Indiana.

During 2005 Timothy L. Williams (petitioner) was separately employed by Delta Services, Inc. (Delta Services), and Byrider Sales of Indiana (Byrider). Petitioner's last day of work for Delta Services was January 7, 2005. After terminating employment with Delta Services petitioner applied for unemployment benefits with the Indiana Department of Workforce Development (IDWD). Although the date petitioner began work for Byrider is not reflected in the record, petitioner was later employed by Byrider in 2005.

For 2005, Delta Services issued to petitioner a Form W-2, Wage and Tax Statement, which shows that petitioner received wages, tips, or other compensation of $1,005. As is reflected on a Form 1099-G, Certain Government Payments, the IDWD paid petitioner $2,010 during 2005. Byrider paid petitioner $37,644.48 of wages during 2005. The parties also stipulated that during 2005, while employed by Byrider, petitioner drove

less than 5,000 miles for business and while he was traveling his meals were paid for by the company.

The IDWD later determined that petitioner was not eligible for the $2,010 of unemployment compensation paid to him in 2005 and requested that he repay it. Petitioner did not repay it.

During 2005 petitioner Tiffany T. Williams was employed by M.J. Schuetz Agency, Inc., and received wages of $29,351.16.

On March 4, 2007, petitioners filed their 2005 Federal income tax return, on which they reported $66,996 of wages, salaries, tips, etc. Petitioners did not report the $2,010 of unemployment compensation or the $1,005 of wages from Delta Services. On the 2005 Schedule A, Itemized Deductions, attached to their 2005 Federal income tax return, petitioners claimed deductions for, among other things, $1,500 of cash contributions to charity, $5,042 of noncash contributions to charity, and $65,005 of unreimbursed employee business expenses. Petitioners concede that the amount deducted as unreimbursed employee business expenses is overstated on their 2005 Schedule A; however, petitioners have not indicated what amount, if any, was overstated.

During 2006 petitioner's employment with Byrider was terminated. Petitioner applied for unemployment benefits with the IDWD. However, before petitioner began receiving any unemployment compensation from the IDWD in 2006, the IDWD offset

the amount of unemployment compensation due to petitioner by the $2,010 petitioner failed to repay to the IDWD in 2005.  For 2006 the IDWD issued to petitioner two Forms 1099-G.  One Form 1099-G indicated that the IDWD paid petitioner $7,087 of unemployment compensation in 2006, and the other Form 1099-G indicated that petitioner repaid the IDWD $2,010 in 2006.

Petitioners filed their 2006 Federal income tax return on April 15, 2007.  On their 2006 Form 1040 petitioners reported $46,395 of wages, salaries, tips, etc., and the $7,087 of unemployment compensation received from the IDWD.  On the Schedule A attached to their 2006 Federal income tax return, petitioners claimed, among other things, $5,533 of medical and dental expenses, $700 of cash contributions to charity, $300 of noncash contributions to charity, and $14,498 of unreimbursed employee business expenses.

Respondent issued to petitioners a notice of deficiency, dated August 20, 2008, which made the following income adjustments:

| Adjustment | Tax Year 2005 | Tax Year 2006 |
| --- | --- | --- |
| Unemployment compensation | $2,010 | -- |
| Wages, salaries and tips, etc. | [1]1,004 | -- |
| Itemized deductions | 76,932 | $18,592 |

| | | |
|---|---|---|
| Standard deduction | (10,000) | (10,300) |
| State refunds, credits, or offsets | -- | 2,010 |
| Total | 69,946 | 10,302 |

[1]We note that both the 2005 Form W-2 issued by Delta Services to petitioner and the Delta Services 2005 Earnings and Deductions Report show petitioner's gross earnings as $1,005.

Petitioners filed a timely petition generally contesting the adjustments for 2005 and 2006. Additionally, petitioners allege in their petition that they are eligible for a child tax credit for 2005.

## Discussion

### A.  Burden of Proof

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving error in the Commissioner's determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a) the burden may shift to the Commissioner regarding factual matters if the taxpayer produces credible evidence and meets the other requirements of the section. Petitioners do not argue that they satisfied the elements for a burden shift, but even if they did advance this argument, they did not produce sufficient evidence to support a burden shift. Accordingly, the burden of proof remains on petitioners.

### B.  Unreported Income/Omitted Items

Gross income is defined as "all income from whatever source derived, including * * * Compensation for services".  Sec.

61(a)(1). Gross income also includes unemployment compensation. Sec. 85(a). As a general rule any item of gross income must be included in the gross income for the taxable year in which received by the taxpayer. Sec. 451(a). The taxpayer bears the burden of proving any amount excludable from gross income pursuant to an applicable statutory exception or general principle of tax law. Rule 142(a); Bachmann v. Commissioner, T.C. Memo. 2009-51 (citing Welch v. Helvering, supra at 115).

During 2005 Delta Services issued to petitioner "two payroll checks" totaling $1,005. Delta Services subsequently issued to petitioner a Form W-2 which shows that petitioner received wages, tips, or other compensation of $1,005 during 2005. Petitioners did not report these wages on their 2005 Federal income tax return. Petitioners have not shown that the $1,005 is excludable from gross income pursuant to a statutory exception or general principle of tax law. Accordingly, we sustain respondent's determination that petitioners must include the $1,005 received from Delta Services in their 2005 income.

With respect to the $2,010 of unemployment compensation, petitioner admits that he received it in 2005. A Form 1099-G issued by the IDWD for 2005 corroborates his admission. We, therefore, sustain respondent's determination that petitioners must include the $2,010 of unemployment compensation in their 2005 income.

For 2006 the parties stipulate that petitioners included in income the $7,087 of unemployment compensation received in 2006 but did not include the additional $2,010 awarded as unemployment compensation but not paid to petitioners during 2006 because of petitioners' failure to repay the same amount in 2005. We disagree with respondent's determination that petitioners must include in their 2006 income the same $2,010 of unemployment compensation (identified in the notice of deficiency as a State income tax refund). Although the $2,010 of unemployment compensation was not properly awarded to petitioner until 2006, as has been established and as we have already found, petitioners received the $2,010 of unemployment compensation during 2005. Therefore, we hold that respondent's determination to require petitioners to include in their 2006 income the same $2,010 that petitioners must include in their 2005 income is erroneous.

C. Itemized Deductions

The taxpayer bears the burden of proving that he has complied with the specific requirements for any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish that he is entitled to the deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

1.  Charitable Contributions

Section 170(a) generally allows as a deduction any charitable contribution the payment of which is made within the taxable year. Deductions for charitable contributions are allowable only if verified under regulations prescribed by the Secretary. Sec. 170(a)(1); Hewitt v. Commissioner, 109 T.C. 258, 261 (1997), affd. without published opinion 166 F.3d 332 (4th Cir. 1998).

A cash contribution to charity made on or before August 17, 2006, in an amount less than $250 may be substantiated with a canceled check, a receipt, or other reliable evidence showing the name of the donee, the date of the contribution, and the amount of the contribution. Alami El Moujahid v. Commissioner, T.C. Memo. 2009-42; sec. 1.170A-13(a)(1), Income Tax Regs. For cash contributions made to charity after August 17, 2006, stricter requirements now provide that no deduction shall be allowed for a contribution of money in any amount unless the donor maintains a bank record or written communication from the donee showing the name of the donee organization, the date of the contribution, and the amount of the contribution. Sec. 170(f)(17); Pension Protection Act of 2006, Pub. L. 109-280, sec. 1217, 120 Stat. 1080.

Petitioners have failed to offer any documentary evidence of cash contributions to charity for either 2005 or 2006.

Accordingly, we sustain respondent's determination and hold that petitioners are not entitled to the deductions claimed for cash contributions to charity on their 2005 and 2006 Federal income tax returns.

For charitable contributions made in property other than cash, the value of the contribution is generally the fair market value at the time of contribution. Hewitt v. Commissioner, supra at 261; sec. 1.170A-1(c)(1), Income Tax Regs. The fair market value of the property contributed is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. Sec. 1.170A-1(c)(2), Income Tax Regs. Generally, for noncash charitable contributions, a taxpayer must maintain for each contribution a receipt from the donee showing the name of the donee, the date and location of the contribution, and a description of the property in detail reasonably sufficient under the circumstance. Sec. 1.170A-13(b)(1), Income Tax Regs.

Petitioners have failed to offer any records establishing that they made any noncash contributions to charity for either 2005 or 2006. Accordingly, we sustain respondent's determination and hold that petitioners are not entitled to the deductions claimed for noncash charitable contributions on their 2005 and 2006 Federal income tax returns.

2. <u>Unreimbursed Employee Expenses</u>

Section 162(a) generally allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. A taxpayer may be in the trade or business of being an employee and, as such, may deduct business expenses. <u>O'Malley v. Commissioner</u>, 91 T.C. 352, 363-364 (1988); <u>Lucas v. Commissioner</u>, 79 T.C. 1, 6 (1982). Section 262(a), however, prohibits deductions for personal, living, or family expenses.

Petitioners have failed to offer any documentary or testimonial evidence establishing what payments were made, to whom they were made, and any related business purpose. See secs. 162, 274(d), 6001; sec. 1.6001-1(a), Income Tax Regs. Accordingly, we sustain respondent's determination and hold that petitioners are not entitled to a deduction for unreimbursed employee expenses for either year.

D. <u>Child Tax Credit</u>

Section 24(a) provides a credit (subject to certain income limitations) against income tax for each qualifying child. The term "qualifying child" means a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained the age of 17. Sec. 24(c)(1); <u>Gessic v. Commissioner</u>, T.C. Memo. 2010-88. However, petitioners have failed to proffer any evidence of a

qualifying child. Accordingly, petitioners are ineligible for a child tax credit for 2005.

E. Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for the failure to file a return on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Section 7491(c) generally provides that the Commissioner bears the burden of production with respect to the liability of an individual for any penalty or addition to tax. The Commissioner may meet his burden of production by coming forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioners filed their 2005 Federal income tax return more than 10 months after its due date. Petitioners have neither offered any explanation for the tardiness of their 2005 Federal income tax return nor established that they had been granted an extension of time to file. Thus, not only has respondent met his burden of production with respect to the addition to tax under section 6651(a)(1), but also petitioners have failed to establish that the late filing of their 2005 Federal income tax return was due to reasonable cause and not due to willful neglect.

Accordingly, we sustain the imposition of the section 6651(a)(1) addition to tax.

## F.  Accuracy-Related Penalty Under Section 6662(a)

Section 6662(a) and (b)(1) and (2) provides that a taxpayer is liable for a 20-percent accuracy-related penalty on any portion of an underpayment of tax required to be shown on a return attributable to, inter alia, (1) negligence or disregard of rules or regulations or (2) any substantial understatement of income tax.  The Commissioner generally bears the burden of production for any penalty, but the taxpayer bears the ultimate burden of proof.  Sec. 7491(c); Higbee v. Commissioner, supra at 446.

Negligence is defined as "any failure to make a reasonable attempt to comply with the provisions of this title", and disregard includes "any careless, reckless, or intentional disregard."  Sec. 6662(c).  The regulations promulgated under section 6662 provide that negligence "includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly."  Sec. 1.6662-3(b)(1), Income Tax Regs. Negligence is strongly indicated where a taxpayer fails to include on an income tax return an amount of income shown on an information return, as defined in section 6724(d)(1).  See sec. 1.6662-3(b)(1)(i), Income Tax Regs.

The accuracy-related penalty is not imposed with respect to any portion of an underpayment as to which the taxpayer acted with reasonable cause and in good faith.  See sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.

We find respondent has met his burden of production in that the record establishes that petitioners failed to disclose income reported to them on a Form W-2 and a Form 1099-G and had no documentation to support the disallowed deductions.  See sec. 1.6662-3(b)(1), Income Tax Regs.  After considering the totality of the facts and circumstances, we are satisfied that petitioners were negligent and did not have reasonable cause to believe that they were not required to report the $1,005 of wages and $2,010 of unemployment compensation on their 2005 Federal income tax return and that they failed to keep adequate records or to substantiate properly the disallowed deductions claimed on their 2005 return.  Accordingly, we sustain respondent's determination and hold that petitioners are liable for the accuracy-related penalty under section 6662.

To reflect the foregoing,

Decision will be entered

under Rule 155.