T.C. Summary Opinion 2018-55

UNITED STATES TAX COURT

RICK L. ARCHULETA AND MAUREEN ELIZABETH MCGRATH
ARCHULETA, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21109-15S.               Filed December 3, 2018.

<u>Patrick E. McGinnis</u>, for petitioners.

<u>Blake J. Corry</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated July 21, 2015 (notice), respondent determined a $5,737 deficiency in petitioners' 2013 Federal income tax and imposed a $1,147.40 section 6662(a) accuracy-related penalty.

After concessions,[2] the issue for decision is whether petitioners are entitled to deductions claimed on Schedule A, Itemized Deductions, for unreimbursed employee business expenses for car and truck and cell phone expenses related to Mr. Archuleta's employment.

Background

Some of the facts have been stipulated and are so found.  When the petition was filed, petitioners resided in California.

From 2011 to October 2013 Mr. Archuleta (petitioner) was employed as a foreman pipefitter at Atlas Mechanical, Inc. (Atlas).  He left Atlas in October 2013

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

[2]In addition to other concessions, respondent concedes the sec. 6662(a) penalty.

to work in a similar capacity for Christian Brothers Mechanical Services, Inc. (Christian Brothers), where he worked until July 2014.

During the year in issue petitioner did not work at either the Atlas or the Christian Brothers office. Rather, he traveled to four temporary worksites. From January 2 until May 4, 2013, petitioner worked in Twentynine Palms, California, at the Marine Corps Air Guard Combat Center. From May 6 until August 31, 2013, petitioner worked in Oceanside, California, at the Marine Corps Base Camp Pendleton. From September 2 until October 19, 2013, petitioner worked in Riverside, California, at the University of California, Riverside. From October 21, 2013, through the end of 2013, petitioner worked in Los Alamitos, California, at the Joint Forces Training Base. None of the jobs lasted more than a few months. The temporary worksites were 45 to 92 miles from petitioners' residence in Hemet, California.

During 2013 petitioners owned three vehicles: a Toyota Tundra, a Volkswagen Van, and a Toyota Forerunner. Petitioner typically worked six days a week. Each workday he drove from his residence to his then-current worksite, sometimes stopping along the way to pick up materials from warehouses owned by his employers or other companies. Petitioner primarily used the Toyota Tundra in connection with employment-related travel; however, he also occasionally used

the Volkswagen Van and the Toyota Forerunner. Petitioner did not seek reimbursement from Atlas or Christian Brothers for his employment-related travel expenses.

Mrs. Archuleta maintained a calendar with handwritten notes to keep track of the mileage petitioner incurred while traveling on behalf of his employment with Atlas and Christian Brothers.

Also during 2013, petitioners had a cell phone plan with AT&T wireless. The cell phone plan consisted of three phone lines, including a line for each of petitioner, Mrs. Archuleta, and their son.

Petitioners' return was prepared by a paid Federal income tax return preparer and includes a Schedule A on which petitioners claimed a $28,297 unreimbursed employee business expense deduction. Petitioners' unreimbursed employee business expenses include $24,918 for vehicle expenses, calculated on a Form 2106-EZ, Unreimbursed Employee Business Expenses, attached to petitioners' return, and $612 for cell phone expenses. According to petitioners' return, the deductions for vehicle and cell phone expenses relate to petitioner's employment with Atlas and Christian Brothers.

In the notice respondent disallowed deductions for the unreimbursed employee business expenses for vehicle and cell phone expenses. According to

the notice, petitioners did not establish those expenses "were paid and incurred" or "ordinary and necessary".

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable by statute and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs. Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). However, an employee business expense is not deductible as "ordinary and necessary" if the employee is entitled to

---

[3]Petitioners do not claim and the record does not show that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

reimbursement from his or her employer.  See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272, at *22.  If an employee is entitled to reimbursement under the employer's reimbursement policy and fails or forgets to seek it, the employee is not allowed a deduction for the expenses.  See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. 1, 7 (1982); Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), aff'd without published opinion, 456 F.2d 1335 (2d Cir. 1972).

## I.  Vehicle Expenses

Petitioners claimed a $24,918 unreimbursed employee business expense deduction for vehicle expenses.  Petitioners computed the deduction for vehicle expenses by applying the applicable standard mileage rate of 56.5 cents per mile to the business miles he claims to have driven.  According to respondent, petitioners are not entitled to a deduction for vehicle expenses because, among other things, they have not established that those expenses were not reimbursable by petitioner's employers.  Respondent's position is well taken.

Assuming without finding that petitioner has satisfied all other requirements for the vehicle expense deduction, petitioners have failed to establish that petitioner was not entitled to reimbursement for those expenses from one or

another of his employers. In fact petitioner's testimony strongly suggests that he was. According to petitioner, he did not seek reimbursement out of concern that his employment might have been terminated. Under the circumstances he described, we understand his reluctance to seek reimbursement, but we are not aware of any authority that allows otherwise reimbursable employee business expenses to be treated otherwise for Federal income tax purposes because the taxpayer elects not to seek reimbursement for the reasons petitioner advanced.

Because petitioners have failed to carry their burden of proving that petitioner was not eligible for reimbursement from his employers, they have failed to establish that the vehicle expenses are deductible "ordinary and necessary" business expenses. See Kerr v. Commissioner, T.C. Memo. 1990-155. It follows that petitioners are not entitled to the deduction for vehicle expenses claimed on their return, and respondent's disallowance of that deduction is sustained.

II. Cell Phone Expenses

Petitioners claimed a $612 unreimbursed employee business expense deduction for cell phone expenses. The cell phone plan consisted of three phone lines, including a line for each of petitioner, Mrs. Archuleta, and their son. Petitioners failed to provide cell phone records evidencing payment. Moreover, petitioners have not provided any evidence that would allow us to distinguish

between charges for business and personal use; thus, the Court is unable to estimate a deductible amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see also Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).[4] Accordingly, petitioners are not entitled to a deduction for cell phone expenses, and respondent's disallowance of that deduction is also sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[4]For 2013 cell phones were no longer treated as "listed property" under sec. 280F(d)(4), and the strict substantiation requirements of sec. 274(d) are not applicable to petitioner's business-related cell phone usage. However, petitioner must still show that he used his cell phone for business rather than personal purposes and provide some credible evidence to establish the extent of business use.