T.C. Memo. 2005-110

UNITED STATES TAX COURT

VERONICA CHU, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12902-03.                    Filed May 17, 2005.

Veronica Chu, pro se.

John W. Strate, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a deficiency of

$61,018[1] and additions to tax under sections 6651(a)(1) and (2),[2]

and 6654(a) of $15,255, $5,679, and $3,208, respectively, with

---

[1]  All amounts are rounded to the nearest dollar.

[2]  Unless otherwise stated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

regard to petitioner's 2000 Federal income tax. After concessions,[3] the issues for decision are: (1) Whether petitioner is entitled to a loss carryover; (2) whether petitioner is entitled to itemized deductions for State income tax payments and unreimbursed employee expenses; (3) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1); and (4) whether petitioner is liable for an addition to tax pursuant to section 6654(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Palo Alto, California, at the time she filed her petition.

Petitioner's Returns

During 2000, petitioner was an employee of Phoenix Technologies, Inc. (Phoenix). Petitioner was paid $193,099 by Phoenix and had $1,235 of Federal income tax withheld by Phoenix. Petitioner also received $14,996 from the sale of Insilicon stock. Petitioner did not make estimated tax payments for 2000.

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for the taxable years 1998, 1999, and 2000.

Petitioner submitted to the Court an unfiled Form 1040 for

---

[3] Respondent conceded the sec. 6651(a)(2) addition to tax. Respondent also conceded that petitioner is entitled to a $14,513 deduction for State income taxes.

the year 2000. The return was signed on May 1, 2004. In the section labeled "Income", petitioner listed $208,095 of income on line 7 Wages, salaries, tips, etc. and on line 17 an $854,722 loss from S corporations. Petitioner listed her total income on line 22 and adjusted gross income on line 33 as zero.

Petitioner was required to file a Schedule E, Supplemental Income and Loss, to describe the $854,722 loss. Schedule E allows taxpayers to list the income or loss of their S corporation. Petitioner's attached Schedule E contains only petitioner's name, Social Security number, the Topaz Group, Inc.'s (Topaz) name, an indication that Topaz is an S corporation, Topaz's employer identification number, and an indication that all of petitioner's investment was at risk.

Petitioner had the authority to request copies of Topaz's bank statements.

A document dated April 10, 1995, and entitled "Unanimous Written Consent of the Board of Directors of Topaz Group, Inc.", shows 836,540 Topaz shares issued to petitioner and 12,500 issued to David Wood. On Topaz's 1996 Form 1120, U.S. Corporation Income Tax Return, the Schedule K statement shows petitioner holding 55 percent of Topaz's stock. Topaz's 1997 and 1998 Schedules K-1, Shareholder's Share of Income, Deductions, Credits, etc., show petitioner as 100-percent shareholder of Topaz's stock. Topaz's 1999 and 2000 Schedules K-1 do not show

petitioner's percent ownership of Topaz's stock.

Topaz's Returns

Topaz reported a $2,509 loss on its Form 1120S, U.S. Income Tax Return for an S Corporation, for the year 1996. On Schedule D, Capital Gains and Losses, Topaz reported a $709,297 gain from the sale of Aptus stock.

Topaz reported a $284,434 loss on its Form 1120S for the year 1997.[4] The portion of the return labeled Tax and Payments is blank. In the Income (Loss) section of Schedule K, Shareholders' Shares of Income, Credits, Deductions, etc., Topaz claimed an $894,722 loss on the Other Income (loss) line. Also written on the line is "See Sch." The attached document labeled Form 1120S, Page 3, Schedule K, Line 6-Other Income (Loss), shows an $894,722 long-term business loss. Also on its Schedule K, Topaz claimed a $1,180,895 loss on the Income (loss) line in the Other section.

On the attached Schedule D, Capital Gains and Losses and Built-In Gains, an $894,722 long-term capital loss is listed on the sale of Aptus Stock. Reported on the schedule is an $894,722 basis, and the column labeled Sales price is blank.

Topaz did not file a Form 1120S for the taxable years 1998, 1999, and 2000.

---

[4] Respondent stated at trial that the return was timely filed. We note that the return was signed by petitioner on May 11, 2004.

Petitioner submitted to the Court Topaz's unfiled Forms 1120S for the years 1998, 1999, and 2000. Topaz's unfiled Form 1120S for the year 1998 shows $8,658 of ordinary income. Topaz's unfiled return for 1999 shows a $95 loss.

Topaz's unfiled Form 1120S for the year 2000 was signed by petitioner on May 1, 2004. The return contains four zeroes in four different boxes in the Income section and on Schedule D the description Upstream Stock and date of acquisition, August 1, 2000, are listed. The return does not contain any additional information.

Meetings

Petitioner did not attend meetings with respondent scheduled for January 13, April 13 and 20, or May 6 and 11, 2004.

OPINION

I.   Deficiency

A.   Burden of Proof

Section 7491(a) places the burden of proof on the Commissioner with regard to certain factual issues involving examinations commenced after July 22, 1998. Petitioner does not assert that section 7491(a) shifts the burden to respondent. Therefore, the burden of proof remains on petitioner.[5] See Maher v. Commissioner, T.C. Memo. 2003-85.

_____

[5] Petitioner also did not comply with reasonable requests by respondent for meetings in order to shift the burden to respondent. Sec. 7491(a)(2).

B.    <u>Loss Carryover</u>

Petitioner deducted a carryover of Topaz's claimed loss for 1997 on her 2000 Federal income tax return.  Taxpayers are required to maintain adequate records to substantiate claimed losses, and taxpayers bear the burden of proving that they are entitled to claimed losses.  Sec. 6001; Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Section 1366(a) provides, generally, that income, losses, deductions, and credits of an S corporation are passed through pro rata to its shareholders on their individual income tax returns.  Secs. 1363(a), 1366(a).  Section 1366(b) provides that the character of each item of income is determined as if it were realized directly from the source from which the corporation realized it, or incurred in the same manner as it was by the corporation.  A shareholder's gross income includes a pro rata share of the S corporation's gross income.  Sec. 1366(c).  The shareholder's basis, once computed, limits the amount of losses and deductions that may be taken into account by a shareholder for the taxable year.  Sec. 1366(d).  Any losses and deduction that the shareholder is not entitled to deduct currently are carried forward.  <u>Id.</u>

Petitioner submitted as evidence a document entitled "Unanimous Written Consent of the Board of Directors of Topaz Group, Inc." that listed 836,540 Topaz shares issued to

petitioner for $836,540. Petitioner also testified that she had balance sheets for Topaz. Petitioner did not submit any documents related to the calculation of her Topaz stock basis.

Petitioner has not provided evidence sufficient to establish her Topaz stock basis. Therefore, petitioner has not established that she is entitled to deduct the carryover loss on her 2000 Federal income tax return.

C.    Itemized Deductions

Petitioner argues that she is entitled to deductions for State income taxes and unreimbursed employee expenses. Deductions are a matter of legislative grace, and petitioner bears the burden of proving that she is entitled to the deductions claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. In addition, the taxpayer bears the burden of substantiating the amount and purpose of the item for the claimed deduction. See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

1.    State Income Taxes

Petitioner claimed a $15,749 deduction for State income taxes paid during 2000. Section 164(a)(3) provides, inter alia,

that State income taxes are allowed as a deduction for the taxable year within which they are paid or accrued. Respondent conceded that petitioner was entitled to a $14,513 State income tax deduction. Petitioner did not produce any evidence at trial to substantiate the additional claimed $1,236 State income tax deduction. Therefore, petitioner cannot deduct the additional $1,236.

## 2. Unreimbursed Employee Expenses

Petitioner claimed a $3,376 deduction for unreimbursed employee business expenses incurred during 2000. Pursuant to section 162(a), a taxpayer may deduct all of the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business including a trade or business as an employee. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). Petitioner did not produce any evidence at trial to substantiate the claimed unreimbursed employee business expenses. Accordingly, we sustain respondent's determination regarding the unreimbursed employee business expenses.

Petitioner attached to her posttrial brief documents to support her claimed deduction for unreimbursed employee expenses. Evidence must be submitted at trial; documents attached to briefs and statements made therein do not constitute evidence and will not be considered by the Court. Rule 143(b); Evans v. Commissioner, 48 T.C. 704, 709 (1967), affd. per curiam 413 F.2d

1047 (9th Cir. 1969); Lombard v. Commissioner, T.C. Memo. 1994-154, affd. without published opinion 57 F.3d 1066 (4th Cir. 1995). Accordingly, we disregard these documents in reaching our decision about the unreimbursed employee expenses deduction.

### 3. Section 68(a) Limit on Itemized Deductions

If a taxpayer's adjusted gross income (AGI) exceeds an "applicable amount," her itemized deductions are subject to a reduction. Sec. 68(a). The applicable amount for 2000 was $128,950. Rev. Proc. 99-42, 1999-2 C.B. 568. We have held that petitioner cannot deduct her claimed carryover on her 2000 Federal income tax return. Therefore, petitioner's AGI for 2000 was $208,095, and her itemized deductions are subject to a computational reduction under section 68(a).

## II. Additions to Tax

### A. Burden of Production

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax and penalties. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount". Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If a taxpayer files a petition alleging some error in the determination of an addition

to tax or penalty, the taxpayer's challenge will succeed unless the Commissioner produces evidence that the addition to tax or penalty is appropriate.  Swain v. Commissioner, supra at 363-365. The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority.  Higbee v. Commissioner, supra at 446-447.

B.    Section 6651(a)(1)

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 2000.  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  See sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985).

Petitioner stipulated that she did not file a tax return for 2000.  Accordingly, respondent has met his burden of production for the section 6651(a)(1) addition to tax for 2000.

Petitioner testified that she was unable to timely file her 2000 Federal income tax return because her accounting manager would not give her the information necessary to prepare the return.  Assuming arguendo that we were to accept petitioner's testimony about why she failed to file a tax return for 2000, the unavailability of information or records does not necessarily

establish reasonable cause for failure to file a timely tax return.  See Elec. & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1342-1343, (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974).  A taxpayer is required to file timely based upon the best information available and to file thereafter an amended return if necessary.  Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982).

Petitioner has not established that her failure to timely file for 2000 was due to reasonable cause.  See Higbee v. Commissioner, supra at 446-447.  Accordingly, petitioner is liable for the section 6651(a)(1) addition to tax for 2000.

C.   Section 6654(a)

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6654(a) for 2000.  Section 6654(a) imposes an addition to tax for failure to pay estimated income tax.  The amount of the credit for withholding is deemed to be a payment of estimated tax.  See sec. 6654(g). Petitioner's Form W-2, Wage and Tax Statement, indicates that petitioner had $1,235 withheld for her 2000 tax year.  Petitioner stipulated that she did not make any estimated income tax payments for 2000.  We have found for respondent on the issue of petitioner's claimed deductions for the year 2000.

We conclude that respondent has satisfied his burden of production regarding this issue.  Petitioner has failed to come

forward with evidence sufficient to persuade the Court that respondent's determination is incorrect.  See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. at 115; see <u>Higbee v. Commissioner</u>, <u>supra</u> at 447.

We hold that petitioner is liable for the addition to tax pursuant to section 6654(a).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.