T.C. Summary Opinion 2008-45


UNITED STATES TAX COURT


DOROTHY E. WOODARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13006-06S.                Filed April 29, 2008.


Dorothy E. Woodard, pro se.

<u>Carrie L. Kleinjan</u>, for respondent.


CHABOT, <u>Judge</u>:  This case was heard pursuant to section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion shall not be treated as a precedent for any other case.  Sec. 7463(b).

_____

[1] Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect for the year in issue, except as to sec. 7463, which is as in effect for proceedings commenced on the date the petition in the instant case was filed.

Respondent determined a deficiency in Federal individual income tax and an accuracy-related penalty under section 6662[2] against petitioner for 2003 in the respective amounts of $12,470 and $2,494.

The issues for decision are:

(1) Whether petitioner is entitled to any deduction for--

(a) Medical and dental expenses;

(b) employee business expenses; and

(c) charitable contributions;

and, if so, then in what amounts; and

(2) whether petitioner is liable for an accuracy-related penalty and, if so, then in what amount.

## Background

The stipulations and the stipulated exhibits are incorporated herein by this reference.

When the petition in the instant case was filed, petitioner resided in Pennsylvania.

During 2003 petitioner worked as a registered nurse for 11 different health care providers--3 in Philadelphia, Pennsylvania, 2 in Sparks, Maryland, and 1 in each of the following

---

[2] At trial respondent's counsel clarified that the penalty is for substantial understatement of income tax and not for negligence or any other category to which sec. 6662 applies.

Pennsylvania cities--Plymouth Meeting, Lafayette Hill, Wyndmoor, Bensalem, Darby, and Chalfont.  In 2003 petitioner resided in Lansdowne, Pennsylvania.

Petitioner was paid (and reported) an aggregate of $79,089 as wages and salaries for her services as a registered nurse,[3] from which Federal income tax of $4,393 was withheld.

Petitioner's 2003 adjusted gross income was $79,424, consisting of $79,089 of wages and salary, $15 of interest, and a $320 State and local income tax refund.

Table 1 shows the amounts petitioner claimed on the Schedule A, Itemized Deductions, attached to her 2003 Form 1040, U.S. Individual Income Tax Return.

Table 1

| | | |
|---|---:|---:|
| Medical and dental expenses | $26,400 | |
| Less:  7.5-percent floor | 5,957 | |
| Deduction | | $20,443 |
| State and local income taxes | | 4,152 |
| Charitable contributions (cash or check) | | 17,000 |
| Unreimbursed employee expenses | $18,500 | |

_____

[3] All but $7,500 of this aggregate was reported on Forms W-2, Wage and Tax Statement.  The remaining $7,500 was reported on a Form 1099-MISC, Miscellaneous Income, and was designated thereon as "Nonemployee compensation".  Petitioner included this $7,500 in the amount she reported as "Wages, salaries, tips, etc.".  She did not report this as business income, she did not claim "above-the-line" deductions, and she did not show a self-employment tax liability on her tax return.  Respondent neither determined nor asserted that petitioner had a self-employment tax liability in addition to her ch. 1 tax liability.  Both sides appear to treat this $7,500 as income from petitioner's registered nurse services as an employee; we do so also, without further exploration.

| Less: 2-percent floor | 1,588 | |
|---|---|---|
| Deduction | | 16,912 |
| Total itemized deductions | | 58,507 |

Respondent disallowed the entire $58,507 of claimed itemized deductions, and instead allowed the $4,750 standard deduction.[4] Petitioner has not kept receipts relevant to her taxes since she started working in 1965.

In 2003 petitioner paid medical and dental expenses. Her 2003 medical and dental expenses that were not compensated for by insurance or otherwise did not exceed $5,957.

In 2003 petitioner paid expenses in connection with her trade or business as an employee performing services as a registered nurse. See supra note 3. Her 2003 employee business expenses did not exceed $1,588.

In 2003 petitioner made charitable contributions. Her 2003 charitable contributions did not exceed $598. See supra note 4.

Petitioner's 2003 tax return did not adequately disclose the relevant facts affecting the tax treatment of any of the disallowed deductions. Petitioner did not have reasonable cause for the positions she took on her 2003 tax return.

---

[4] Because the standard deduction of $4,750 exceeds petitioner's claimed $4,152 deduction for State and local income taxes, respondent disallowed all of petitioner's itemized deductions and allowed the standard deduction. However, respondent does not dispute the $4,152 deduction, which would be taken into account if we were to conclude that more than $598 of the disputed deductions (after any appropriate "floors") are allowable.

## Discussion

### I.  Itemized Deductions

#### A.  In General

In general, the Commissioner's determinations as to matters of fact in the notice of deficiency are presumed to be correct, and the taxpayers have the burden of proving otherwise.  See Rule 142(a);[5] Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has not contended that section 7491 applies so as to shift the burden of proof; on the record in the instant case, if such a contention had been made, then we would have concluded that the requirements of section 7491(a)(2) have not been met, and so the burden of proof would not have been shifted.

We will consider first the medical expenses, then the employee business expenses, and then the charitable contributions.

#### B.  Medical Expenses

Petitioner is entitled to deduct her medical expenses, but only "to the extent that such expenses exceed 7.5 percent of [her] adjusted gross income."  Sec. 213(a).

On her 2003 tax return, petitioner claimed $26,400 of medical and dental expenses, subtracted $5,957 (7.5 percent of $79,424 adjusted gross income), and claimed the remaining $20,443

---

[5] Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.

as an itemized deduction.  Respondent disallowed the entire $26,400.  Because of the 7.5-percent "floor", petitioner is not entitled to a deduction for her medical expenses unless (and only to the extent that) those 2003 expenses exceed $5,957.

Petitioner did not attempt to explain how she arrived at the $26,400 amount she claimed on her 2003 tax return for medical and dental expenses.  Petitioner testified that she underwent major surgery in Philadelphia, Pennsylvania, in 2003 and that "the hospital bill was in excess of a hundred-thousand dollars, which the State paid."  She also testified that after the hospitalization she "could not go to work for six months." Apparently, some significant part of her medical expenses were incurred (and paid?) during those 6 months.

Petitioner did not present bills or receipts.  Petitioner testified to some desultory efforts to communicate with certain of her medical care providers, but she never followed through to obtain a bill or receipt from any of them.  On several occasions she stated that she probably could have gotten records from various people but did not do so because "I could probably go to * * * and get those, but what are we talking about, a couple of hundred dollars", and "I can get that, but that is not going to bring me up to where I need to be."

Petitioner testified "in 2003 and 2004, I had a lot of medical expenses", but she did not attempt to explain how much related to 2003 and how much to 2004.

As a result of the foregoing, we conclude that in 2003 petitioner paid some expenses for her medical care (within the meaning of section 213(d)), but it is more likely than not that the total of her payments not compensated for by insurance or otherwise did not exceed $5,957, the 7.5-percent "floor". We have so found. As a result, she is not entitled to any 2003 medical and expense deduction.

We hold for respondent on this issue.

C. Employee Business Expenses

Petitioner is entitled to deduct her unreimbursed employee business expenses (see supra note 3), but only to the extent they exceed 2 percent of her adjusted gross income. See secs. 162(a), 62(a)(1), 67. (None of petitioner's other claimed itemized deductions fall within the definition of miscellaneous itemized deductions that are subject to the 2-percent "floor", and so the entire 2 percent reduces petitioner's otherwise deductible employee business expenses.)

On her 2003 tax return petitioner claimed $18,500 of unreimbursed employee expenses, subtracted $1,588 (2 percent of $79,424 adjusted gross income), and claimed the remaining $16,912 as an itemized deduction.

Petitioner did not attempt to explain how she arrived at the $18,500 amount she claimed on her 2003 tax return for unreimbursed employee expenses.  On her tax return she wrote "Nursing shoes, uniforms, small equipment to perform nursing job".  Petitioner did not present bills or receipts.

Petitioner testified to having bought the following items that she used in her work as a registered nurse:  Computer, printer, fax, nursing shoes, uniforms, stethoscopes, and an automated external defibrillator.

Nothing in the record suggests that petitioner has complied with the strict substantiation requirements of section 274 as to the property subject to that section.  We do not have anything in the record that would allow us to make an educated estimate as to depreciation deductions for any of the capital assets that petitioner referred to.  We believe that petitioner had some nursing uniform expenses and some professional liability insurance expenses, and that petitioner would not have been reimbursed for those expenses if she had asked any of her 2003 employers to do so.

As a result of the foregoing we conclude that in 2003 petitioner paid some expenses that qualify as deductible business expenses, but it is more likely than not that the total of her payments that would not have been reimbursed by her employers did not exceed $1,588, the 2-percent "floor".  Compare Lucas v.

Commissioner, 79 T.C. 1, 6-7 (1982) (where the record showed the taxpayer would have been reimbursed) with Jetty v. Commissioner, T.C. Memo. 1982-378 (where the record showed the taxpayer would not have been reimbursed).  We have so found.  As a result, she is not entitled to any 2003 employee business expense deductions.

We hold for respondent on this issue.

D.  Charitable Contributions

Petitioner is entitled to deduct her charitable contributions.  See sec. 170(a).

On her 2003 tax return petitioner claimed $17,000 of charitable contributions, all shown on Schedule A line 15, "Gifts by cash or check."  Next to the $17,000 amount on her Schedule A, petitioner wrote "Church tithes different Churches--Cash each Sunday".  Respondent disallowed the entire $17,000.  As a result of our determinations that petitioner is not entitled to deduct her medical expenses and her employee business expenses, petitioner's itemized deductions will exceed the standard deduction that respondent allowed only if we hold that petitioner's deductible charitable contribution deductions exceed $598.  See supra note 4.

Petitioner did not attempt to explain how she arrived at the $17,000 amount she claimed for charitable contributions on her 2003 tax return.

Petitioner initially testified that she attended "any kind of [her denomination's] churches that I could find * * * [and contributed] 10 percent of what I earned that week."

Petitioner then testified that she gave "a thousand dollars up here under the table because of a drug and alcohol place that was opening up on 17th and Montgomery in Philadelphia." The asserted donee organization ("Nextus") did not give to petitioner a written acknowledgment of the asserted $1,000 contribution. See sec. 170(f)(8) (requiring in general that no charitable contribution deduction is allowable "for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the donee organization"). It does not appear from the record herein that any exception to this general rule applies in the instant case. Accordingly, even if we were persuaded that petitioner did make the $1,000 contribution to Nextus in 2003 and all the other requirements for a deduction had been met, the statute would prohibit allowance of a deduction for this asserted $1,000 contribution.

When the Court noted that petitioner had testified to amounts aggregating far short of the $17,000 she claimed, petitioner testified: "Maybe I gave more than the 10 percent to the churches during 2003. I am saying maybe. I am not going to say, yes, I did."

When respondent pressed petitioner on the amount of her weekly contributions, noting that petitioner's claimed $17,000 in contributions would require her to have contributed more than $300 a week in cash on hand, petitioner testified that her "home church is * * * in * * * South Carolina, which I send $500 a year to religiously."  Petitioner then testified:

> I go to various churches, and when I go home to visit, that is my home church.  And I don't walk around with $300 in my pocket, but I know when I am leaving work on Saturday night from 11:00 to 7:00, I will stop at whatever church before I go home to sleep, and if it is $110, yes, I will take that along with me.

The following colloquy then took place:

> Q [Ms. Kleinjan] So when you prepared your return would you agree that was more of a guess or an estimate?
>
> A [Petitioner] No, it wasn't a guess or an estimate.  If I go back home and think about things, or whatever, I will probably be able to come up with why it is $17,000.

We came away from the foregoing with the impression that petitioner's testimony was focused on plausibility and not reality.  We conclude that it is more likely than not that petitioner's deductible charitable contributions did not exceed $598.  We have so found.  As a result, her total itemized deductions did not exceed the standard deduction that respondent allowed in the notice of deficiency.

We hold for respondent on this issue.

II. <u>Penalty</u>

Respondent determined that the entire deficiency is a substantial understatement of income tax, resulting in a 20-percent penalty--$2,494.  See subsecs. (b)(2) and (d) of sec. 6662.  The penalty is imposed if the "understatement" (which in this case is the same as the deficiency) is more than the greater of (1) $5,000 or (2) 10 percent of the amount required to be shown on the tax return.

As a result of our holdings as to the disputed itemized deductions, petitioner's understatement is more than $5,000, and so the penalty applies unless some reduction or exception applies.[6]

The substantial understatement penalty is to be reduced by that portion of the understatement which is attributable to an item if (1) there was substantial authority for the taxpayer's position, (2) there was adequate disclosure on or attached to the

---

[6] As we noted <u>supra</u>, petitioner has not invoked sec. 7491. We have considered sec. 7491(c), which imposes on the Commissioner the burden of production with respect to penalties. Our holdings as to the disputed itemized deductions satisfy the burden of production requirements, because they show that petitioner has an understatement of income tax of more than the greater of (1) $5,000 or (2) 10 percent of the amount petitioner was required to show on her tax return.  Petitioner has the burden of proving that some reduction or exception applies.  See <u>Montgomery v. Commissioner</u>, 127 T.C. 43, 66-67 (2006); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001).

tax return and there was a reasonable basis for the taxpayer's position, or (3) there was reasonable cause and the taxpayer acted in good faith.  Secs. 6662(d)(2)(B), 6664(c).

Petitioner did not attempt to explain how she arrived at the deduction amounts she claimed on her tax return; she did not keep receipts or, apparently, any records; and she did not present any evidence about consulting with an appropriate tax adviser as to how she should proceed.[7]  It does not appear that any matter involved in the instant case was an issue of first impression when petitioner filed her tax return, or involved application of complex laws to the facts of her tax return.

We conclude that no reduction or exemption applies in the instant case and so petitioner is liable for the full understatement penalty.  Cf. Montgomery v. Commissioner, 127 T.C. 43, 66-67 (2006).

---

[7] Petitioner testified that "I never kept receipts, because I was always taught by my dad, who is dead now, that the burden of proof is on the IRS."  We may admire petitioner's steadfast filial devotion, but this advice was generally incorrect when petitioner received it (Welch v. Helvering, 290 U.S. 111, 115 (1933), is older than petitioner) and was generally incorrect in 2003, the only year before the Court, and was generally incorrect as applied to the instant case.  As we held in a similar context (negligence penalty under sec. 6662), a taxpayer "cannot rely on the advice of his father to avoid the negligence penalty, because * * * [the taxpayer] failed to show that his father had any expertise in tax matters."  Maguire v. Commissioner, T.C. Memo. 1996-145.  On the record in the instant case, petitioner's father's advice is not reasonable cause within the meaning of sec. 6664(d).

We hold for respondent on this issue.

<u>Decision will be entered</u>

<u>for respondent</u>.
