T.C. Summary Opinion 2009-74


UNITED STATES TAX COURT


KEVIN STOCKTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20912-07S.                  Filed May 12, 2009.


Kevin Stockton, pro se.

<u>Kim-Khanh Thi Nguyen</u>, for respondent.


LARO, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code (Code), and Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner petitioned the Court to redetermine respondent's determination of a $12,173 deficiency in petitioner's 2004 Federal income tax and a $2,434.60 accuracy-related penalty under section 6662(a) and (b)(1). Following concessions, we decide the following issues:

1. Whether petitioner may deduct $24,885 as an itemized deduction for unreimbursed employee business expenses. We hold he may not.

2. Whether petitioner may deduct $2,250 as an itemized deduction for charitable contributions. We hold he may not.

3. Whether petitioner is liable for the accuracy-related penalty. We hold he is.

Background

## I. Preliminaries

The parties have submitted to the Court a stipulation of facts with accompanying exhibits. The stipulated facts and accompanying exhibits are incorporated herein by this reference. Petitioner resided in California when his petition to this Court was filed.

## II. Petitioner's Employment

Petitioner is employed as a consultant on the automobile industry. In that capacity, he traveled from his home in California to various Ford dealerships in the western United States. His employer reimbursed him up to $170 a day for his traveling expenses.

Petitioner used his personal vehicle on 100 days during 2004 to drive to some of the Ford dealerships in his region (local dealerships). Petitioner's employer reimbursed him for all of those automobile expenses. Petitioner traveled on 133 days during 2004 to Ford dealerships that were not local dealerships. Petitioner's employer reimbursed him for all of his business expenses related to that travel.

III. 2004 Tax Return

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2004 using the filing status of "Single". Petitioner claimed on his return a $24,885 itemized deduction for unreimbursed employee business expenses. Petitioner also claimed a $3,250 itemized deduction for charitable contributions. Respondent disallowed both deductions in full but has since conceded that petitioner may deduct $1,000 in charitable contributions.

Discussion

I. Deductions

A. Burden of Proof

Petitioner bears the burden of proving that respondent's determinations set forth in the notice of deficiency are incorrect. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are strictly a matter of legislative grace, and petitioner must show that his claimed deductions are allowed by the Code. See Rule 142(a)(1); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner also must keep

sufficient records to substantiate any deduction that would otherwise be allowed by the Code.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  While section 7491(a) sometimes shifts the burden of proof to the Commissioner, that section is not applicable where, as here, petitioner has failed to meet the recordkeeping and substantiation requirements of the Code.  See sec. 7491(a)(2)(A) and (B).

B.  Unreimbursed Employee Business Expenses

Section 162(a) allows a taxpayer to deduct the unreimbursed ordinary and necessary expenses incurred during the taxable year in carrying on any trade or business, including expenses incurred while away from home in the pursuit of a trade or business.  See Lucas v. Commissioner, 79 T.C. 1, 6 (1982); see also Commissioner v. Flowers, 326 U.S. 465, 470 (1946).  During 2004, petitioner's employer reimbursed him for all of the business expenses that he paid as to his employment.  We hold he is not entitled to any additional deduction related to his employment, and we sustain respondent's disallowance of petitioner's claim to a deduction of $24,885 in unreimbursed employee business expenses.

C.  Charitable Contributions

Petitioner seeks to deduct $2,250 as a charitable contribution for 2004 in addition to the $1,000 allowed by respondent.  In support of that deduction, petitioner testified that he contributed $1,200 to his church, $600 to various other charities, and 24 bags of clothing which he valued at $450.

Petitioner provided no independent evidence to substantiate his claim to any part of the $2,250 deduction.

Section 1.170A-13(a)(1), Income Tax Regs., requires that monetary charitable contributions of less than $250 be substantiated by a canceled check; a receipt from the recipient organization that lists the recipient's name, the date of the contribution, and the amount thereof; or "other reliable written records" that show the recipient's name, the date of the contribution, and the amount thereof.  See also sec. 170(f)(8)(A).  Section 1.170A-13(b)(1), Income Tax Regs., generally requires as to noncash contributions that taxpayers maintain documentation for each contribution showing information such as the recipient's name, the contribution's date and location, and the contributed property's description.

Petitioner has failed to maintain the requisite documentation for any part of his claimed total of $2,250 in charitable contributions.  We decline to accept his uncorroborated, self-serving testimony as to this matter.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  We sustain respondent's determination that petitioner is not entitled to deduct any of the claimed $2,250.

II.  Accuracy-Related Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a) and (b)(1).  Section 6662(a) and (b)(1) imposes a penalty equal to 20 percent of the portion of an underpayment of tax attributable to a

taxpayer's negligence or disregard of rules or regulations. Negligence connotes a lack of due care or failure to do what a reasonable and prudent person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), affd. 925 F.2d 348 (9th Cir. 1991). An accuracy-related penalty is not applicable to any portion of an underpayment to the extent that the taxpayer had reasonable cause for that portion and acted in good faith with respect thereto. See sec. 6664(c)(1).

Respondent bears the burden of production with respect to the applicability of the accuracy-related penalty. See sec. 7491(c). That burden requires that respondent produce sufficient evidence that it is appropriate to impose the accuracy-related penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once respondent meets this burden, the burden of proof falls upon petitioner. See id. at 447. Petitioner may carry his burden by proving that he was not negligent; i.e., he made a reasonable attempt to comply with the provisions of the Code and was not careless, reckless, or in intentional disregard of rules or regulations. See sec. 6662(c). Alternatively, petitioner may establish that his underpayment was attributable to reasonable cause and his acting in good faith. See sec. 6664(c)(1).

We conclude that respondent has met his burden of production and that petitioner has failed to carry his burden of proof. The record establishes that petitioner claimed substantial deductions to which he neither was entitled nor had a reasonable claim. The record does not establish that petitioner made a reasonable

attempt to comply with the provisions of the Code, that petitioner's underpayment was attributable to reasonable cause, or that petitioner acted in good faith as to the underpayment. We sustain respondent's determination with respect to the accuracy-related penalty.

III.  Conclusion

We have considered all of petitioner's contentions and allegations, and we conclude that those contentions and allegations not discussed herein are without merit or irrelevant.

To reflect the foregoing,

Decision will be entered under Rule 155.
