**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-70

UNITED STATES TAX COURT

JERRY L. LAMB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 246-08S.                    Filed September 5, 2013.

Jerry L. Lamb, pro se.

<u>John R. Bampfield</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year at issue, and all Rule references are to the Tax

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,575 in petitioner's 2004 Federal income tax. The issue for decision is whether petitioner is entitled to a deduction pursuant to section 162 for alleged unreimbursed employee business expenses.

On December 11, 2008, the Court filed its opinion, T.C. Summary Opinion 2008-153, in this case. Decision was entered on December 11, 2008. However, on April 13, 2009, respondent filed a notice of proceeding in bankruptcy, notifying the Court that petitioner had filed a petition with the U.S. Bankruptcy Court for the District of South Carolina on July 8, 2008, after the petition in this case was filed but prior to the time we filed our opinion and entered our decision. Pursuant to 11 U.S.C. section 362(a)(8) (2006), and by order dated April 17, 2009, we withdrew the opinion, vacated the decision, and stayed the proceedings of this case.

On June 7, 2013, respondent filed a status report informing the Court that the bankruptcy court had granted petitioner a discharge on February 27, 2013, thereby terminating the automatic stay. See 11 U.S.C. sec. 362(c)(2).

---

[1](...continued)
Court Rules of Practice and Procedure.

On July 16, 2013, we ordered petitioner to show cause, on or before August 6, 2013, why this Court should not issue its opinion and enter decision in this case. On August 5, 2013, petitioner responded by requesting additional time because at the trial in 2008 he did not have legal counsel. However, the trial record in this case has been complete for over five years, and we see no reason for further delay.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Anderson, South Carolina.

Petitioner is a journeyman pipefitter welder. He has been a member of Pipefitters Local Union 72 for more than 28 years. Petitioner's trade provides him with the opportunity to work for different companies.

During 2004 petitioner worked for only one company, Player & Co. (Player), and earned wages of $54,989. Player is located in downtown Atlanta, Georgia, approximately 120 miles from petitioner's residence. Player provided petitioner with a gas card and a service truck to commute to the job sites where he worked. Player also had a reimbursement policy to "reimburse dollar for dollar for material, rentals, equipment, etc, with valid receipts." Under the reimbursement policy, Player also had a per diem expense policy. The per diem expense policy

provided reimbursement for "An agreed to sum set by Player and Company to cover meals, tips and/or miscellaneous subsistence cost for those personnel working away from their home base (home base includes a 100 mile radius)." In order to avoid a long trip back and forth each day between petitioner's residence and the job sites he was assigned to work at in and around Atlanta, petitioner paid his own expenses, including vehicle expenses for driving between his residence and the job sites and meals and lodging expenses at job sites. Although most of petitioner's work was in the Atlanta area, petitioner stated that it was by choice that he continued to reside in Anderson. Petitioner testified that he never applied for reimbursement or for per diem expenses because he did not "think" he was eligible.

Petitioner timely filed his 2004 Form 1040, U.S. Individual Income Tax Return. On Schedule A, Itemized Deductions, petitioner claimed $19,660 as unreimbursed employee expenses.[2] On October 9, 2007, respondent issued to petitioner a notice of deficiency, which disallowed petitioner's deduction for his claimed unreimbursed employee expenses. Petitioner timely filed a petition

---

[2]Note that $19,660 refers to the total unreimbursed employee expenses claimed by petitioner. Petitioner claimed a deduction of $18,340 for unreimbursed employee expenses after factoring in the 2% floor as required by sec. 67(a).

asserting his claimed unreimbursed employee expenses were "actual job expenses incurred working for Player & Co. as a journeyman Pipefitter Welder."

At trial petitioner submitted evidence consisting of a handwritten summary of his claimed unreimbursed employee expenses. Petitioner testified that the handwritten summary was made especially for trial from a log he had prepared in March of 2005. Petitioner further testified that he no longer has the receipts that were used to construct the March 2005 log.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving he is entitled to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a) to shift the burden of proof to the Secretary with regard to any factual issue. See also Rule 142(a).

Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or

business. A taxpayer may be in the trade or business of being an employee and, as such, may deduct business expenses which no employer directs him to incur. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); Lucas v. Commissioner, 79 T.C. 1, 6 (1982). Section 262(a), however, prohibits deductions for personal, living, or family expenses.

Petitioner seeks to deduct as ordinary and necessary expenses the expenses that he incurred while traveling to and from his residence and the job sites and while staying at the job sites.

Three conditions must be satisfied before a traveling expense deduction may be claimed under section 162(a): (1) The expense must be a reasonable and necessary traveling expense; (2) the expense must be incurred "while away from home"; and (3) the expense must be incurred in the pursuit of a trade or business. See sec. 162(a)(2); see also Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Daly v. Commissioner, 72 T.C. 190, 194 (1979), aff'd, 662 F.2d 253 (4th Cir. 1981). In order to be deductible, the expenditure must satisfy all three conditions. Daly v. Commissioner, 72 T.C. at 194. Because petitioner's expenditures fail to satisfy condition (2), discussed infra, we will not belabor conditions (1) and (3).

Petitioner contends that his "tax home" is Anderson, South Carolina, and therefore the expenses incurred in traveling from his residence to the Atlanta area

job sites are deductible under section 162(a)(2). Petitioner claims to have driven 28,350 miles for work during 2004 despite the fact that Player provided him with a service truck and a gas card. In applying the standard mileage rate of 37.5 cents per mile, Rev. Proc. 2003-76, sec. 5, 2003-2 C.B. 924, 925, petitioner's calculated vehicle expenses would be $10,631.25. Petitioner also claims to have expended $2,775 for meals and $5,717 for lodging in 2004.[3]

This Court has consistently defined the word "home" in section 162 to "refer to the vicinity of a taxpayer's principal place of employment and not the place where his personal residence is located, if different from the principal place of employment." Daly v. Commissioner, 72 T.C. at 195; see also Foote v. Commissioner, 67 T.C. 1, 4 (1976); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968). This rule applies as long as the principal place of business is indefinite as opposed to temporary. Kroll v. Commissioner, 49 T.C. at 562-563.

Temporary employment has been defined as that which is foreseeably terminable or lasting for a relatively short, fixed duration. Boone v. United States, 482 F.2d 417, 419 (5th Cir. 1973). Whether a taxpayer's employment is

---

[3]Petitioner's claimed unreimbursed employee expenses at trial did not add up to the same amount claimed on his 2004 Federal income tax return.

temporary or indefinite is determined by the facts and circumstances of each case. Peurifoy v. Commissioner, 358 U.S. 59, 61 (1958).

Petitioner stated that when he began working for Player he believed it would be a "short job." After petitioner completed the initial "short job" for Player, however, he chose to continue working for Player at other job sites. It is not clear when petitioner began working for Player, but all of petitioner's work in 2004 was with Player.

Petitioner accepted the job with Player knowing that the company was in Atlanta, Georgia. The locations of the job sites where he worked in 2004 were in and around the Atlanta area. While we are aware that all of the jobs that petitioner worked on in 2004 were by themselves temporary, we are convinced that petitioner's employment with Player became indefinite shortly after he began working for Player and that petitioner was aware that Player would assign him to job sites in the vicinity of Atlanta.

On the basis of the entire record, we conclude that petitioner made a personal decision to accept employment with Player knowing that its office location and its job sites were a considerable distance away from his residence. Furthermore, petitioner testified that it was a personal choice to continue to reside in Anderson. Accordingly, petitioner's tax home in 2004 was Atlanta, Georgia.

There is nothing in the record to determine the length of the initial "short job" with Player or when it began. Thus, we conclude that petitioner has not established that he was "away from home" while working for Player in 2004, and that the additional costs of travel as well as the costs of meals and lodging are personal and nondeductible. See sec. 262(a).

Alternatively, respondent contends that petitioner has not adequately substantiated his traveling expenses as required by section 274(d) and has not shown that his traveling expenses were not reimbursable by Player. Section 274(d) generally requires a taxpayer to substantiate each element of an expenditure by adequate records or sufficient evidence corroborating his statements. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Taxpayers are required to maintain records sufficient to enable the Commissioner to determine their correct tax liability. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Section 1.6001-1(e), Income Tax Regs., further provides that the "books or records required by this section * * * shall be retained so long as the contents thereof may become material in the administration of any internal revenue law."

Petitioner's proffered substantiation consisted of a handwritten summary of his traveling expenses, which he had prepared for trial. Petitioner claims that the

information contained in the summary was compiled from his receipts. Petitioner has not, however, produced those receipts because, as he stated: "I don't have them anymore." Petitioner did not offer an explanation as to why he no longer has the receipts. We find petitioner's handwritten summary that was prepared for trial insufficient to meet the heightened substantiation requirements of section 274(d) and the recordkeeping requirement of section 6001.

Finally, a trade or business expense deduction is not allowable to an employee to the extent that the employee is entitled to reimbursement from his employer for an expenditure related to his status as an employee. Lucas v. Commissioner, 79 T.C. at 7 (citing Heidt v. Commissioner, 274 F.2d 25 (7th Cir. 1959), aff'g T.C. Memo. 1959-31; Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), aff'd without published opinion, 456 F.2d 1335 (2d Cir. 1972); Stolk v. Commissioner, 40 T.C. 345, 356 (1963), aff'd, 326 F.2d 760 (2d Cir. 1964); Podems v. Commissioner, 24 T.C. 21, 22-23 (1955)). Player had a reimbursement policy, which included a per diem expense policy. While we find it unlikely that most of petitioner's traveling expenses would have been eligible for reimbursement under Player's per diem expense policy, petitioner has failed to

establish that his traveling expenses were not reimbursable under Player's reimbursement policy.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.