T.C. Memo. 2019-149

UNITED STATES TAX COURT

KEVIN M. TABE AND THERESIA Z. TABE, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 26975-17, 7579-18,        Filed November 5, 2019.
14514-18.

Kevin M. Tabe and Theresia Z. Tabe, pro sese.

Hannah K. Wilkins and Airelle L. Mills-Johnson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge: In these consolidated cases respondent issued Kevin

Tabe (petitioner husband) notices of deficiency for 2013, 2015, and 2016. For

_____

[1]Cases of the following petitioners are consolidated herewith: Kevin Mbeh
Tabe, docket No. 7579-18; and Kevin M. Tabe, docket No. 14514-18.

[*2] these years, respondent determined the following deficiencies, penalties, and additions to tax with respect to petitioner husband's Federal income tax:

| Year | Deficiency | Penalty sec. 6662(a) | Addition to tax sec. 6651(a)(1) |
|------|-----------|----------------------|--------------------------------|
| 2013 | $48,472 | $9,694 | $7,271 |
| 2015 | 26,312 | 5,262 | 1,238 |
| 2016 | 23,189 | 4,638 | -0- |

Respondent issued petitioner husband and Theresia Z. Tabe (petitioner wife) (collectively, petitioners) a notice of deficiency for 2014.[2] Respondent determined an $86,482 deficiency and a $17,296 section 6662(a) penalty with respect to petitioners' 2014 Federal income tax.

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

After concessions the issues for consideration are: (1) whether petitioner husband may deduct various expenses reported on Schedule C, Profit or Loss From Business, for 2013; (2) whether petitioner husband may deduct charitable contributions and unreimbursed employee business expenses reported on Schedule

_____

[2]For 2013-16 (years at issue) petitioners filed a joint return for only 2014.

**[\*3]** A, Itemized Deductions, for 2013; (3) whether petitioner husband may claim head of household filing status for 2013; (4) whether petitioner husband's S corporation may deduct its reported business expenses; (5) whether petitioner husband had unreported flowthrough income from the S corporation for 2015 and 2016; (6) whether petitioner husband is liable for additions to tax under section 6651(a)(1) for 2013 and 2015; (7) whether petitioners may deduct various expenses reported on Schedule C for 2014; and (8) whether petitioners may deduct tuition and fees pursuant to section 222 for 2014.[3]  Other adjustments are computational and will flow from the Court's resolution of the issues remaining in dispute.

                        FINDINGS OF FACT

Some of the facts are stipulated and are so found.  Petitioners resided in Texas when they timely filed their petitions.

Petitioner husband is a licensed attorney specializing in construction, business, real estate, and immigration law.  Petitioner husband holds a bachelor's degree in law, a master's degree in law, and a master of laws degree in litigation and dispute resolution.  During 2013 and 2014 petitioner husband was

---

[3]In respondent's posttrial brief respondent conceded penalties pursuant to sec. 6662(a) and corrected math errors made in the stipulation of settled issues, filed May 20, 2019.  Petitioners did not file a posttrial brief.

[*4] self-employed and the principal attorney at his firm, the Law Offices of Kevin M. Tabe, P.C.  For 2015 petitioner husband incorporated his law firm under the name Tabe & Associates, P.C., and had the law firm elect to be treated as an S corporation.  During 2015 and 2016 petitioner husband provided his legal services through his S corporation.

Petitioner wife was a nurse.  Petitioners were married and lived together throughout the years at issue.

2013

On January 7, 2015, petitioner husband filed his Federal income tax return for 2013, claiming head of household status.  Petitioner husband's only source of income for 2013 was his law firm, and he reported $231,648 in gross receipts on his Schedule C less the following business expenses:

[*5]

| Expense | Amount |
|---|---|
| Advertising | $3,000 |
| Car and truck | 28,100 |
| Contract labor | 50,060 |
| Depreciation | 7,734 |
| Office | 15,610 |
| Supplies | 4,201 |
| Travel | 8,000 |
| Utilities | 7,100 |
| Other (dry cleaning) | 7,146 |
| Business use of home | 5,078 |
| Total | 136,029 |

On Schedule A for 2013 petitioner husband reported $9,132 in cash charitable contributions, $318 in noncash charitable contributions, and $58,815 in unreimbursed employee business expenses. Petitioner husband reported the unreimbursed employee business expenses on Form 2106, Employee Business Expenses, as follows:

[*6]

| Expense | Amount |
|---|---|
| Vehicle expense | $36,963 |
| Parking fees, tolls, and transportation | 4,036 |
| Business | 12,642 |
| Meals and entertainment | 10,347 |

The notice of deficiency for 2013 disallowed Schedule A deductions for all of petitioner husband's reported unreimbursed employee business expenses, charitable contributions, a portion of Schedule C office expenses, and all of the advertising, car and truck, contract labor, travel, and "other" expenses.

2014

On July 13, 2015, petitioners filed their joint Federal income tax return for 2014. Petitioners claimed a $4,000 deduction for tuition and fees pursuant to section 222(a). On petitioner husband's Schedule C, he reported $323,107 in gross receipts and the following business expenses for his law firm:

[*7]

| Expense | Amount |
|---|---|
| Advertising | $3,250 |
| Car and truck | 6,748 |
| Commissions and fees | 183,842 |
| Depreciation | 2,651 |
| Insurance | 6,000 |
| Office | 1,500 |
| Repairs and maintenance | 400 |
| Supplies | 8,200 |
| Taxes and licenses | 900 |
| Travel | 510 |
| Other: | |
| Office rents | 16,431 |
| Telephone/internet services | 4,800 |
| Bad debts | 2,350 |
| Bank charges/credit card fees | 2,388 |
| Postage | 1,305 |
| Dues and subscriptions | 1,000 |
| Dry cleaning | 4,259 |
| Professional fees | 7,000 |
| Total | 253,534 |

The notice of deficiency for 2014 disallowed the deduction for tuition and fees and the following expenses reported on Schedule C: advertising, supplies,

**[*8]** commissions and fees, bad debts, credit card fees, postage, dues and subscriptions, dry cleaning, and a portion of the professional fees. Respondent concedes that petitioners may deduct $2,461 for supplies and $20,158 for other expenses.

2015

On November 7, 2016, petitioner husband filed his Federal income tax return for 2015 and reported $83,846 in wages. Petitioner husband did not report his law firm's business operations on Schedule C for 2015. Instead, he reported a $14,918 nonpassive loss on Schedule E, Supplemental Income and Loss.

For 2015 petitioner husband incorporated his law firm under the name Tabe & Associates, P.C., and had it elect to be treated as an S corporation. Petitioner husband was the S corporation's sole shareholder and director. On Form 1120S, U.S. Income Tax Return for an S Corporation, petitioner husband's law firm reported $158,537 in gross receipts and the following expenses:

[*9]

| Expense | Amount |
|---|---|
| Salaries and wages | $83,846 |
| Rents | 35,948 |
| Advertising | 8,365 |
| Other: | |
| Miscellaneous | 249 |
| Printing | 1,322 |
| Tools | 1,600 |
| Job materials | 1,222 |
| Salaries | 40,903 |
| Total | 173,455 |

## 2016

On April 16, 2017, petitioner husband filed his Federal income tax return for 2016 and reported $7,385 of wages from his law firm.  Petitioner husband did not file a Schedule C or E with his 2016 Federal income tax return.

Petitioner husband's law firm operated in 2016 as an S corporation.  It did not file a Federal income tax return for 2016.  During 2016 petitioner's law firm received the following payments:

[*10]

| Payor | Amount |
|---|---|
| Western World Insurance Co. | $55,000 |
| Twin City Fire Insurance Co. | 12,861 |
| Nationwide Insurance Co. | 9,000 |
| State Farm Fire and Casualty Co. | 9,100 |
| Geico Casualty Co. | 6,885 |
| Geico General Insurance Co. | 16,000 |
| Total | 108,846 |

The payors listed above classified the payments as "attorney's fees" on the Forms 1099-MISC, Miscellaneous Income, that they filed with respondent to report the payments to petitioner husband's law firm. Respondent prepared a substitute for return for the law firm that characterized these payments as taxable income.

OPINION

I.     Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer

**[*11]** likewise bears the burden of proving his or her entitlement to deductions allowed by the Code and substantiating the amounts of claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); sec. 1.6001-1(a), Income Tax Regs. Under section 7491(a), in certain circumstances the burden of proof may shift from the taxpayer to the Commissioner. Petitioners have not claimed or shown that they have met the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

II.     Expense Deductions

Generally, an S corporation shareholder determines his or her tax liability by taking into account a pro rata share of the S corporation's income, losses, deductions, and credits. Sec. 1366(a)(1). Where, as here, a notice of deficiency includes adjustments for S corporation items with other items unrelated to the S corporation, we have jurisdiction to determine the correctness of all adjustments. See Winter v. Commissioner, 135 T.C. 238 (2010).

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the

[*12] expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). A taxpayer may not deduct a personal, living, or family expense unless the Code expressly provides otherwise. Sec. 262(a).

An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, Commissioner v. Heininger, 320 U.S. 467, 471 (1943); sec. 1.162-1(a), Income Tax Regs. Normally, the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). This principle is often referred to as the Cohan rule. See, e.g., Estate of Reinke v. Commissioner, 46 F.3d 760, 764 (8th Cir. 1995), aff'g T.C. Memo. 1993-197.

Certain expenses specified in section 274 are subject to strict substantiation rules. No deductions under section 162 shall be allowed for "listed property", as defined in section 280F(d)(4), "unless the taxpayer substantiates [them] by adequate records or by sufficient evidence corroborating the taxpayer's own

[*13] statement". Sec. 274(d). Listed property includes passenger automobiles and other property used for transportation. Sec. 280F(d)(4)(A)(i) and (ii).

To meet these strict substantiation rules, a taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense, (2) the time and place the expense was incurred, and (3) the business purpose of the expense. Sec. 274(d). To substantiate by adequate records, the taxpayer must provide (1) an account book, a log, or similar record and (2) documentary evidence, which together are sufficient to establish each element of an expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Documentary evidence includes receipts, paid bills, or similar evidence. Sec. 1.274-5(c)(2)(iii), Income Tax Regs. To substantiate by sufficient evidence corroborating the taxpayer's own statement, the taxpayer must establish each element by his or her own statement and by documentary evidence or other direct evidence. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Petitioner husband contends that he is entitled to deductions for a portion of the office expenses and for all of the advertising, car and truck, contract labor, travel, and "other" expenses reported on his Schedule C for 2013. Petitioners

**[*14]** contend that they are entitled to deduct the following expenses reported on their 2014 Schedule C: advertising, supplies, commissions and fees, bad debts, credit card fees, postage, dues and subscriptions, dry cleaning, and a portion of the professional fees. Travel expenses and car and truck expenses are subject to the strict substantiation rules of section 274(d). Secs. 274(d)(1), (4), 280F(d)(4)(A)(i) and (ii).

The documents petitioner husband produced do not provide enough information for us to determine what expenses he actually incurred and to what extent these expenses had a business purpose. Petitioner husband has provided no receipts linking his car and truck expenses and travel expenses to his business. The strict substantiation requirements of section 274(d) with respect to travel expenses and car and truck expenses were not met for 2013.

Substantiation requirements with respect to the advertising, office, commissions and fees, supplies, contract labor, and "other" (telephone/internet services, bad debts, bank charges/credit card fees, postage, dues and subscriptions, dry cleaning, or professional fees) expenses have not been met. No documents were provided that would allow these expenses to be estimated and that show these expenses have business purposes. For 2013 petitioner husband may not

**[*15]** deduct any additional expenses. For 2014 petitioners may not deduct any additional expenses.

## III. Schedule A Expenses

On his 2013 Federal income tax return, petitioner husband claimed a $67,829 deduction for Schedule A expenses, including unreimbursed employee business expenses and charitable contributions. In the notice of deficiency for 2013 respondent disallowed petitioner husband's Schedule A deductions for charitable contributions and unreimbursed employee business expenses.

### A. Charitable Contributions

Section 170(a)(1) allows a deduction for contributions made to charitable organizations defined in section 170(c). Section 170(f)(8) provides substantiation requirements for certain charitable contributions. Specifically, section 170(f)(8)(A) provides: "No deduction shall be allowed under subsection (a) for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the donee organization that meets the requirements of subparagraph (B)."

For donations of cash the donee's written acknowledgment must state the amounts contributed, indicate whether the donee organization provided any goods or services in consideration for the contribution, and provide a description and a

**[\*16]** good-faith estimate of the value of any goods or services provided by the donee organization.  See sec. 170(f)(8)(B); sec. 1.170A-13(f), Income Tax Regs. Section 170(f)(17) provides:  "No deduction shall be allowed under subsection (a) for any contribution of a cash, check, or other monetary gift unless the donor maintains as a record of such contribution a bank record or a written communication from the donee showing the name of the donee organization, the date of the contribution, and the amount of the contribution."  For noncash contributions a taxpayer must maintain for each contribution a receipt from the donee showing the name of the donee, the date and location of the contribution, and a description of the donated property in detail reasonably sufficient under the circumstances.  See sec. 1.170A-13(b)(1), Income Tax Regs.

Petitioner husband's charitable contribution deduction for 2013 consists of $9,132 for cash and check contributions and $318 for noncash charitable contributions.  Petitioner husband testified that these contributions were donations to his church.  Respondent argues that petitioner husband is not entitled to any deduction because he did not substantiate any of the contributions.  Petitioner husband did not provide receipts, bank records, or documentation for the cash or check contributions.  Petitioner husband likewise did not produce the required

**[*17]** documents to substantiate the noncash contributions claimed as a deduction. Respondent's disallowance of these deductions is sustained.

### B.      Unreimbursed Employee Business Expenses

A taxpayer may deduct unreimbursed employee business expenses as ordinary and necessary business expenses under section 162.  Lucas v. Commissioner, 79 T.C. 1, 7 (1982).  Miscellaneous itemized deductions, such as the deduction for unreimbursed employee business expenses, are allowed only to the extent that the total of such deductions exceeds 2% of adjusted gross income. Sec. 67(a).  Unreimbursed employee business expenses are similar to Schedule C business expenses in that taxpayers are required to substantiate the expense underlying the claimed deduction by maintaining records sufficient to establish the amount and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

On Form 2106 petitioner husband reported a $36,963 vehicle expense; a $4,036 parking fees, tolls, and transportation expense; a $12,642 business expense; and a $10,347 meals and entertainment expense as the underlying expenses for his claimed unreimbursed employee business expense deduction for 2013.

**[\*18]** At trial petitioner husband testified inconsistently that the underlying expense for his claimed unreimbursed employee business expense deduction was actually bad debts. He contended that some of the expenses were related to his law practice, and he could not explain how these expenses differed from expenses reported on his Schedule C or why these expenses were not reported on his Schedule C.

Petitioner husband's vehicle and meals and entertainment expenses are subject to the strict substantiation rules of section 274. He failed to provide an account book, a log, a similar record, or other sufficient evidence to substantiate these reported expenses. Since petitioner husband failed to meet the strict substantiation requirements of section 274(d), respondent's disallowance of deductions for these expenses is sustained.

Petitioner husband did not provide any receipts, invoices, or other documents to substantiate the remaining expenses. He likewise did not provide sufficient evidence to permit us to estimate the amounts of the expenses. Petitioner husband did not prove that these expenses were connected with his business. Respondent's disallowance of the deductions for these expenses is sustained.

**[*19]** IV.    Tuition and Fees Deduction

In 2014 petitioners claimed a $4,000 tuition and fees deduction on their joint Federal income tax return.  In the notice of deficiency for 2014 respondent disallowed this deduction.

For qualifying individuals, section 222(a) allows a taxpayer to deduct an amount equal to qualified tuition and related expenses paid by the taxpayer during the taxable year.  See sec. 25A(f)(1).  Petitioners failed to substantiate a qualified tuition and related expense.  Petitioners produced a document which notified petitioner husband that his payment to the University of Tulsa had been returned because of insufficient funds.  Respondent's disallowance of this deduction is sustained.

V.    Head of Household

Section 1(b) provides a special tax rate for an individual who qualifies as head of household.  Section 2(b)(1) defines a head of household as an individual taxpayer who, among other things, is "not married at the close of his taxable year * * * [and] is not a surviving spouse".  Petitioner husband testified that he was married to and living with petitioner wife throughout 2013.  His correct filing status for 2013 is married filing separately.  See sec. 1(d).

**[*20]** VI.     Unreported Income

Section 61(a) provides that gross income includes "all income from whatever source derived". See also Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955). Section 1366(a) provides that income, losses, deductions, and credits of an S corporation are passed through pro rata to its shareholders on their individual income tax returns. The character of each item of income is determined as if it were realized directly from the source from which the corporation realized it or incurred in the same manner as it was by the corporation. Sec. 1366(b). A shareholder's gross income includes his or her pro rata share of the S corporation's gross income. Sec. 1366(c).

Petitioner husband had his law firm opt to be treated as an S corporation as of 2015. The law firm did not file a Form 1120S tax return for 2016. As a result respondent created for the S corporation a substitute for return pursuant to section 6020. Respondent determined that petitioner's law firm had $108,846 of income for 2016 on the basis of information reported to respondent on Forms 1099-MISC.

Petitioner husband acknowledges that he received the payments made to his law firm but claims that he distributed the funds to his clients. He produced no evidence at trial to support his claim. We conclude that the $108,846 paid to

[*21] petitioner husband's law firm is taxable income to him as the sole shareholder of the S corporation.

## VII. S Corporation Business Expenses

The substantiation requirements for section 162 also apply to business expense deductions for S corporations. Sec. 1363(b). Petitioner husband was the sole shareholder and director of his law firm. On his law firm's 2015 Form 1120S it reported $158,537 in gross receipts and reported various expenses totaling $173,455. Petitioner husband contended that his law firm had expenses for 2016.

He did not offer any receipts or other evidence to substantiate these claimed expenses. His law firm may not deduct any business expenses for 2015 and 2016. Therefore, with the exception of an expense for the wages of $7,385 that the S corporation paid to petitioner husband and that he reported on his personal returns, no deductions reduce the flowthrough income to him.

## VIII. Section 6651(a)(1) Additions to Tax

Respondent determined that petitioner husband is liable for additions to tax because he did not timely file his 2013 and 2015 Federal income tax returns. Section 6651(a)(1) provides for an addition to tax for failure to timely file a Federal income tax return unless it is shown that such failure was due to reasonable cause and not willful neglect. See also United States v. Boyle, 469

[*22] U.S. 241, 245 (1985). A failure to file a timely Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner husband filed his 2013 Federal income tax return on January 7, 2015. He filed his 2015 Federal income tax return on November 7, 2016. Respondent has shown that petitioner husband failed to timely file his Federal income tax returns for 2013 and 2015. Consequently, we conclude that respondent has satisfied the burden of production under section 7491(c).

Petitioner husband failed to introduce any evidence that he is not liable for the additions to tax or that his failure to timely file was due to reasonable cause and not willful neglect. Accordingly, petitioner husband is liable for the additions to tax pursuant to section 6651(a)(1).

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under

Rule 155.